231 P.3d 191 (2010)
Eric BURT, Gary Edwards, Sherry Hartford, JoAnn Irwin, John Moore, Clifford Pease, David Snell, Harold Snively, Alan Walter, Dustin West, Paul-David Winters, Cheri Sterlin, Laura Coleman, Charles Crow, Richard "Jason" Morgan, Respondents,
v.
WASHINGTON STATE DEPARTMENT OF CORRECTIONS, Respondent,
Allan Parmelee, Petitioner.
No. 80998-4.
Supreme Court of Washington, En Banc.
Argued January 20, 2009.
Decided May 13, 2010.
*192 Michael Charles Kahrs, Kahrs Law Firm P.S., Alex D. Brown, Attorney at Law, Seattle, WA, for Petitioner.
Peter William Berney, Daniel John Judge, Attorney General's Office, Jay Douglas Geck, Attorney General's Office, Olympia, for Respondent.
Eric Burt, Sherry Hartford, JoAnn Irwin, Clifford Pease, David Snell, Alan Walter, Dustin West, Washington State Penitentiary, Walla Walla, WA, Pro Se Respondents.
Margaret Ji Yong Pak, Sarah A. Dunne, Nancy Lynn Talner, ACLU, Seattle, WA, for Amicus Curiae American Civil Liberties Union.
William John Crittenden, Patrick Denis Brown, Attorneys at Law, Seattle, WA, for Amicus Curiae Washington Coalition for Open Government.
C. JOHNSON, J.
¶ 1 This case involves a challenge to a public records injunction proceeding under chapter 42.56 RCW, where employees moved to enjoin their employer, the Department of Corrections (DOC), from releasing documents requested under the Public Records Act (PRA). Mr. Allan Parmelee, the requester of these records, was not joined in the action. The trial court enjoined the release of the requested records. Mr. Parmelee filed a limited notice of appearance, a motion to intervene, and a motion to reconsider in the Walla Walla Superior Court. Mr. Parmelee *193 also requested attorney fees and costs pursuant to the PRA. The trial court denied these motions. Mr. Parmelee appealed, and the Court of Appeals affirmed the trial court. We reverse and hold Mr. Parmelee's joinder was required pursuant to CR 19.

FACTS
¶ 2 On or about October 7, 2004, Mr. Parmelee, an inmate at the Washington State Penitentiary (WSP), requested the disclosure of documents containing information for several DOC employees at the WSP. Mr. Parmelee sent his request to Ms. Megan Murray, the DOC's public disclosure coordinator. On December 22, 2004, Ms. Murray informed Mr. Parmelee that, because the affected employees planned to seek injunctive relief, the DOC would not release the documents Mr. Parmelee requested "until a hearing date is scheduled and a decision is made by [the] Walla Walla Superior Court. . . ." Clerk's Papers (CP) at 500.
¶ 3 On January 26, 2005, 11 DOC employees filed suit against the DOC, seeking a protective order, basing their claim on privacy. Although the employees signed the complaint, they gave no addresses. Four additional plaintiffs were added by amended complaint; they also did not provide addresses. The employees did not name Mr. Parmelee as a party to this lawsuit. By letter, on February 1, 2005, Ms. Murray informed Mr. Parmelee the hearing for the lawsuit was set for February 22, 2005. In the letter, Ms. Murray stated she would "notify [Mr. Parmelee] of the outcome of the hearing. . . ." CP at 499.
¶ 4 On March 14, 2005, the DOC filed a memorandum in support of granting the protective order requested by its employees. CP at 12-19. At the hearing, the trial court permanently enjoined the release of the requested records: Mr. Parmelee, the requester, was never joined in the lawsuit.
¶ 5 On March 30, 2005, Mr. Parmelee received a copy of the trial court's order and notice that the trial court denied his PRA request. Following this notice, Mr. Parmelee filed a limited notice of appearance seeking to intervene and requested that the trial court reconsider. CP at 123-30. He also argued that the plaintiffs' addresses were erroneously absent from the pleadings. The trial court denied his motion. Mr. Parmelee appealed, arguing, among other things, that his joinder in the action was mandatory under CR 19. CP at 485-93.
¶ 6 The Court of Appeals affirmed the trial court and concluded that "Mr. Parmelee was not needed for a just adjudication, nor was he needed in equity and good conscience to proceed." Burt v. Dep't of Corr., 141 Wash. App. 573, 580, 170 P.3d 608 (2007). The Court of Appeals held the motion to intervene under CR 24 was untimely. It also held the failure to include the plaintiffs' addresses with the pleadings did not constitute error in this case. Because Mr. Parmelee did not prevail on any of his claims, his request for attorney fees and costs was also denied.

ISSUES
1. Whether, under CR 19, the requester of records under the PRA must be joined in an action that seeks to enjoin the disclosure of the requested records?
2. Whether Mr. Parmelee's motion to intervene should have been granted, under CR 24?
3. Whether pleadings that fail to provide the addresses of the plaintiffs' constitutes CR 11 violations and reversible error?
4. Whether Mr. Parmelee is entitled to attorney fees and costs under the PRA?

STANDARD OF REVIEW
¶ 7 Where judicial review of an agency's action is taken or challenged under RCW 42.56.030 through 42.56.520, our review is de novo. Soter v. Cowles Publ'g Co., 162 Wash.2d 716, 731, 174 P.3d 60 (2007). The interpretation of court rules is a matter of law, which we review de novo. State v. Robinson, 153 Wash.2d 689, 693, 107 P.3d 90 (2005).

ANALYSIS
¶ 8 This matter concerns chapter 42.56 *194 RCW, the PRA,[1] which was enacted in 1972. The PRA "is a strongly worded mandate for broad disclosure of public records." Soter, 162 Wash.2d at 731, 174 P.3d 60 (quoting Hearst Corp. v. Hoppe, 90 Wash.2d 123, 127, 580 P.2d 246 (1978)). This act requires all state and local agencies to disclose any public record upon request, unless it falls within certain specific, enumerated exemptions. The language of the PRA identifies the public's interest in the full disclosure of public records: "The people insist on remaining informed so that they may maintain control over the instruments that they have created. This chapter shall be liberally construed and its exemptions narrowly construed to promote this public policy and to assure that the public interest will be fully protected." RCW 42.56.030 (emphasis added); see also Spokane Police Guild v. Liquor Control Bd., 112 Wash.2d 30, 33, 769 P.2d 283 (1989). "The stated purpose of the Public Records Act is nothing less than the preservation of the most central tenets of representative government, namely, the sovereignty of the people and the accountability to the people of public officials and institutions." Progressive Animal Welfare Soc'y v. Univ. of Wash., 125 Wash.2d 243, 251, 884 P.2d 592 (1994).
¶ 9 Mr. Parmelee requested particular records pertaining to several DOC employees. He sought photographs, addresses, incomes, retirement and disability information, administrative grievances or internal investigations, and any other related documents. The DOC employees responded by filing a lawsuit to enjoin the release of these records.
¶ 10 Under the PRA, RCW 42.56.540, persons named in a request for records or to whom the requested record specifically pertains, may enjoin the release of such records. The superior court may issue an injunction if "examination would clearly not be in the public interest and would substantially and irreparably damage any person. . . ." RCW 42.56.540. Mr. Parmelee was not joined in the injunction action, and he challenges the failure to join him.
¶ 11 Here, the core issue in Mr. Parmelee's case is whether the requester of public documents (records) pursuant to the PRA is an indispensable party to an action brought under RCW 42.56.540 seeking to enjoin disclosure of those records. The civil rules provide for the joinder of parties in an action. CR 19 pertains to mandatory joinder. CR 19 provides in relevant part: "(a). . . A person . . . shall be joined as a party in the action if . . . (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) as a practical matter impair or impede his ability to protect that interest. . . ." Our cases have recognized, as helpful, a two-part inquiry for making this determination. Gildon v. Simon Prop. Group, Inc., 158 Wash.2d 483, 494-95, 145 P.3d 1196 (2006).
¶ 12 First, we determine whether a party is needed for just adjudication. To determine whether a party is necessary, CR 19 requires the potentially necessary party to have an interest relating to the subject of the action. Once such an interest is established, the party must be "so situated that the disposition of the action in his absence may (A) as a practical matter impair or impede his ability to protect that interest. . . ." CR 19(a)(2)(A) (emphasis added). Use of the term may suggests a low standard that requires a showing of possibility that the failure to join will impair or impede the party's interest. If the interested party is necessary and is "subject to service of process and [his or her] joinder will not deprive the court of jurisdiction over the subject matter of the action," the party in the action "shall be joined" by the court if feasible. CR 19 (emphasis added).
¶ 13 Second, where an absent party is necessary but it is impossible to join the party, then the court determines whether in equity and good conscience the action should proceed with the parties before it and without the necessary party. If not, the absent necessary party is indispensable. Generally, under CR 19, where a necessary party was *195 not joined in an action, the proceedings are subject to challenge and a decision will be overturned where the judgment was not in favor of the absent party or where another party is prejudiced by the absence. Geroux v. Fleck, 33 Wash.App. 424, 655 P.2d 254 (1982).
¶ 14 Here, Mr. Parmelee argues his joinder in the injunction proceeding was mandatory under CR 19.[2] Mr. Parmelee's argument is most accurately stated as follows: he should have been joined in the injunction proceeding because he was a necessary party whose joinder was feasible. CR 19(a).[3] If Mr. Parmelee met the requirements set out in CR 19(a), the trial court was bound, under the plain language of the rule, to order Mr. Parmelee's joinder.
¶ 15 Here, no party disputes that Mr. Parmelee has an interest in the subject of the action; he is the requester of the records.[4]See Resp't's Supp. Br. at 12 n. 4 (recognizing that Mr. Parmelee would be an interested party and that, "[i]f a motion had been made, CR 19(a) arguably requires joinder of an identified records requestor in a case seeking a protective order against a request." (emphasis added)).
¶ 16 The stated purpose of the PRA is to protect the public's interest in being able to obtain public records. Without an advocate for the release of the requested records, this purpose can be frustrated. Here, no such advocate existed. It was the right of Mr. Parmelee to request these records, and it was the right of Mr. Parmelee to seek to protect his interest and the public's interest in seeking these records.
¶ 17 Mr. Parmelee claims that, because the action filed by DOC employees was against the DOC, a truly adversarial proceeding wherein his interests would have been adequately protected in his absence could not have occurred. Mr. Parmelee argues the DOC stood in a conflicted position. He asserts that, on one hand, the DOC was obligated to release the records absent an exception but, on the other hand, it also would want to protect its employees' personal information and prevent a workplace, employee/employer conflict. He argues, because of the parties' employee/employer relationship, no party was in a position to zealously advocate for the release of the records, which made for a proceeding that was not truly adversarial. Under the circumstances of this case, we agree.
¶ 18 Here, the injunction action sought to prevent the DOC from disclosing certain records. In the trial court, the DOC agreed to enjoin the documents from disclosure. As the record shows, in response to the employees' motion for an injunction, the DOC filed a memorandum stating "it has no opposition to [its employees'] motion." CP at 13; see also CP at 14 (DOC arguing why the records should not be disclosed). What happened here is that, with both the DOC and the employees opposing disclosure, no party to the action was a proponent of disclosure. Put another way, by virtue of the statutory rules, both the DOC and the employees shared the burden to prove that disclosure should not occur. See Spokane Police Guild, 112 Wash.2d at 35, 769 P.2d 283 (noting that *196 the party seeking to prevent disclosure has the burden to prove the public record should not be disclosed). Considering the parties' identical positions, no party was able to oppose nondisclosure or to ensure that the party bearing the burden of proof met that burden. The only person who wanted to see the records disclosed in this case was the person left out of the action, Mr. Parmelee.
¶ 19 In essence, Mr. Parmelee is claiming that, in this case, the trial court proceedings were not adversarial in that no party represented his position as the records requester. We agree. He was the sole party seeking disclosure, and his interest was, as a practical matter, impaired or impeded.[5] The very purpose of this injunction proceeding was to approve or deny Mr. Parmelee's request for records, and the record in this case shows that the parties to the action did not share or protect his interest whatsoever. An adversarial proceeding is what ensures the protection of a party's interests. In this case, Mr. Parmelee's records request was determined in the injunction proceeding.
¶ 20 Given these circumstances, the trial court (pursuant to CR 19(a)) should have joined Mr. Parmelee because he was a necessary party whose joinder was feasible. In this case, Mr. Parmelee was the requester of records, and the absence of his joinder in an action seeking to enjoin his request impaired or impeded his interest in the subject of the action. Because of these facts, we hold that Mr. Parmelee was a necessary party whose joinder was mandatory under CR 19(a), and the failure to join requires that the judgment be vacated and the case remanded for proper joinder. Mr. Parmelee must be made a party and be given the opportunity to present appropriate arguments against enjoining the disclosure of the requested records.[6] At the very least, Mr. Parmelee should have been joined as a party and given notice and an opportunity to respond in writing to the request for the injunction.[7]
¶ 21 Mr. Parmelee also challenges the trial court's decision denying sanctions under CR 11 based on the lack of addresses and signatures of the plaintiffs' who filed the pleadings.[8] In this case, the underlying injunction action is a special proceeding as contemplated by CR 81. CR 81 provides that, generally, the civil rules govern all civil proceedings, "[e]xcept where inconsistent with rules or statutes applicable to special proceedings. . . ." Because the plaintiffs sought protection from disclosure of their addresses and other information under RCW 42.56.540 (information that was part of the PRA records request), we conclude Mr. Parmelee's request for some CR 11 remedy based on the failure to provide addresses in the complaint fails.[9]
*197 ¶ 22 Finally, Mr. Parmelee requests attorney fees on two bases. First, pursuant to RCW 42.56.550(4), the PRA authorizes awarding all costs, which includes reasonable attorney fees, to the individual who prevails against the agency in a public records request. Because we remand this case and do not resolve whether Mr. Parmelee is entitled to the records requested, it is premature to award costs and attorney fees.
¶ 23 Second, this court has awarded attorney fees for equitable reasons where a party prevails in dissolving a wrongful injunction. Cecil v. Dominy, 69 Wash.2d 289, 418 P.2d 233 (1966). Although we are dissolving the injunction here, we are not determining whether the injunction was wrongful; rather, we are remanding the case to the trial court for a proper injunction proceeding that includes all necessary parties. As such, it would be premature to award costs and attorney fees based on equity.

CONCLUSION
¶ 24 We vacate the injunction and remand with directions to join Mr. Parmelee as a necessary party. We do not and need not reach the merits of the legal issue presented in the underlying RCW 42.56.540 action.
WE CONCUR: TOM CHAMBERS, SUSAN OWENS and JAMES M. JOHNSON, Justices.
Justice FAIRHURST did not participate.
SANDERS, J. (concurring).
¶ 25 I concur with the lead opinion that this injunction must be vacated because petitioner Allan Parmelee is an indispensable party. I write separately, however, to state some additional concerns.
¶ 26 To begin, although Mr. Parmelee is an inmate at a state institution, and he seeks information about his guards, he is entitled to the same rights under the Public Records Act, chapter 42.56 RCW, as any other person. By the same token his prisoner status does not excuse noncompliance by the Department of Corrections (DOC) with its duties under that act, nor does it excuse employees of the Department of Corrections at the Washington State Penitentiary from the same compliance with the civil rules as would be required of anyone else.
¶ 27 Moreover, I believe jurists should be most skeptical of proceedings, such as this one, that have all the earmarks of a collusive lawsuit. For example, although Mr. Parmelee made his public records request on October 7, 2004, DOC responded on December 22, 2004 that because the affected employees planned to seek injunctive relief, DOC would not release the documents "until a hearing date is scheduled and a decision is made by Walla Walla Superior Court." Clerk's Papers at 500. When that proceeding was finally commenced on January 26, 2005, DOC filed a memorandum in support of the employees' request for a protective order. All of this transpired without the participation of Mr. Parmelee, the person who requested the records in the first place. These events fly in the face of the legislative mandate that "[t]his chapter shall be liberally construed" to promote public disclosure. RCW 42.56.030. Moreover, withholding documents from a requester for more than five days is not justified by any expectation that a lawsuit may be filed in the future. RCW 42.56.520. I would hope the trial court on remand would take a careful look at these provisions of the statute to the end that legislative policy be vindicated. I emphasize, *198 the rights of Mr. Parmelee in this proceeding are no less than those of any other party seeking public disclosure under the act.
¶ 28 Another troubling aspect of the case is the election of these employees to proceed pro se with their concomitant refusal to comply with the rules of court. CR 10(e)(3) provides in part:
At the right side of the bottom of the first page of each pleading or other paper the name, mailing address and telephone number of the attorney or firm preparing the paper should be printed or typed.
¶ 29 If plaintiffs do not want to supply this information, their remedy is to retain an attorney, not to violate the court rules.
¶ 30 CR 11 also is quite explicit about signing pleadings: "A party who is not represented by an attorney shall sign and date the party's pleading, motion, or legal memorandum and state the party's address." CR 11(a). CR 11(a) also provides the remedy: "If a pleading, motion, or legal memorandum is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." I do not see any provision in CR 11 that permits what has happened here; although if DOC employees are excused from complying with these rules, I don't see why the rules should be enforced against anyone else.
¶ 31 In terms of result, the lead opinion rightfully dissolved the wrongfully issued injunction in a proceeding where an indispensable party was not named. Under these circumstances and pursuant to Ino Ino, Inc. v. City of Bellevue, 132 Wash.2d 103, 937 P.2d 154 (1997), I would expect the trial court on remand to award Mr. Parmelee all the reasonable expenses and attorney fees he incurred in his effort to dissolve this wrongfully issued injunction. If it is fair to assess substantial reasonable attorney fees against nude dancers who obtained an injunction against the city of Bellevue's enforcement of an ordinance allegedly violating their constitutional free speech rights, then I think it is equally appropriate to award Mr. Parmelee his reasonable attorney fees against the individual plaintiffs in this proceeding. Equal justice under law demands it.
¶ 32 Although some might not view Mr. Parmelee as the poster child for rigorous enforcement of the Public Records Act, we should not cut corners to allow bad facts to make bad law as well.
¶ 33 I concur.
ALEXANDER, J. (dissenting).
¶ 34 In my judgment, the Court of Appeals correctly determined that the joinder of Allan Parmelee in an injunction action commenced by staff members at the Washington State Penitentiary was not required by CR 19, a rule that provides for the "joinder of persons needed for just adjudication." Subsection (a) of that rule indicates that joinder is required if in the absence of the person seeking to join "complete relief cannot be accorded among those already parties." I reach the conclusion that Parmelee's joinder was not required by this rule principally because (1) Parmelee did not seek to join the action until it was completed, (2) those who were already parties to the injunction proceeding had the ability to obtain complete relief without Parmelee's joinder, and (3) Parmelee has not demonstrated that he suffered actual prejudice by not being joined.
¶ 35 In determining whether a person is an indispensable party under CR 19, the following factors must be weighed: (1) the extent to which a judgment rendered in the absence of the person seeking intervention might be prejudicial to that person or those already parties; (2) if there is prejudice, the extent to which prejudice can be lessened or avoided by protective provisions in the judgment or by other measures; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Gildon v. Simon Prop. Group, Inc., 158 Wash.2d 483, 495, 145 P.3d 1196 (2006). These factors must be carefully analyzed because the question of whether a party is necessary under CR 19 "`calls for determinations that are heavily influenced by the facts and circumstances of individual cases.'" Id. (quoting 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1604, at 39 (3d ed. 2001)).
*199 ¶ 36 On balance, the aforementioned factors weigh against Parmelee. First, it cannot be said that the Department of Corrections (DOC) and its staff members, the parties to the injunction action, suffered any prejudice due to Parmelee's absence from the lawsuit. Furthermore, Parmelee has not explained how he was actually prejudiced by the fact that he was not made a party to the action. He simply contends that under the Public Records Act (PRA), chapter 42.56 RCW, a records requester suffers prejudice per se by not being joined as an indispensable party to an injunction action that is brought by persons who seek to prevent the release of the requested records. On this point I disagree because, as the American Civil Liberties Union (ACLU) points out in its amicus brief, there may be instances where a records requester may not wish to intervene in a case.[1]See ACLU Amicus Br. at 15-18. Indeed, requiring mandatory joinder of the records requester in every injunction action may actually cause prejudice to the person whose joinder is sought and could result in either withdrawal of the records request or grudging participation in what could turn out to be an expensive action. Because, contrary to Parmelee's position, a records requester does not suffer automatic prejudice by not being joined in an injunction proceeding, such persons should not be haled court in every injunction action. A contrary result, in my judgment, does not promote the goal of public access to records.
¶ 37 The second factor also does not weigh in Parmelee's favor. I say that because even if Parmelee were prejudiced by not being joined in the injunction action, a timely motion to intervene pursuant to CR 24(a) could have cured the prejudice. Allowing a records requester the option of joining as a matter of right under CR 24, rather than requiring joinder under CR 19, makes sense and avoids the possibility that an individual will be forced into litigation against his or her will. Here, Parmelee received notice that the persons named in the records request planned to file an injunction action one month before the action was filed and he was kept apprised of the status of the injunction action. Nevertheless, he attempted to intervene only after the trial court enjoined the records request. This joinder effort was clearly untimely and no justification was offered by Parmelee for his delay in seeking to intervene in an action of which he was aware. Furthermore, a records requester whose request has been denied may seek judicial review of that decision under RCW 42.56.550(1). Under that statute, the burden is on the agency to establish that the denial of the public records request is in accordance with a statute that exempts or prohibits disclosure. Because there are at least two measures outside of CR 19 to mitigate the prejudice a records requester might endure by not being joined in an injunction action, the second factor is met.
¶ 38 The third factor, whether the judgment rendered in Parmelee's absence is adequate, also weighs against Parmelee. I reach that conclusion because the DOC and the staff members who sought the injunction were afforded the relief they sought. The fact that all parties to the action eventually sought or supported enjoining the release of the records does not detract from the conclusion that the remedy was adequate.
¶ 39 Finally, as to the fourth factor, it cannot be said that the persons named in the records request would not have had an adequate remedy if their injunction action had been dismissed for nonjoinder of Parmelee. This is so because if the injunction action had been dismissed, the DOC staff members could have maintained another injunction action against the DOC with Parmelee joined in that action. Although this factor admittedly weighs in favor of Parmelee, when the four factors are weighed together they militate against Parmelee's argument that he had to be joined in the injunction action. *200 Accordingly, it is apparent to me that Parmelee's participation in the action was not needed for a just adjudication and that the action properly proceeded between only the DOC and the persons named in the records request. Thus, I would hold that Parmelee was not entitled to join the injunction action as an indispensable party under CR 19.
¶ 40 Finally, the lead opinion heralds the PRA as "`nothing less than the preservation of the most central tenets of representative government, namely, the sovereignty of the people and the accountability to the people of public officials and institutions.'" Lead opinion at 194 (quoting Progressive Animal Welfare Soc'y v. Univ. of Wash., 125 Wash.2d 243, 251, 884 P.2d 592 (1994)). Although I entirely agree with this sentiment, it is important to observe that the trial court determined that Parmelee, who is currently in prison for burning automobiles that belonged to attorneys who represented him, has a history of obtaining personal information that he uses "to harass, intimidate, threaten and slander [his intended] victims and their families." Clerk's Papers at 111. It is undisputed that Parmelee's records request was designed to obtain personal information about the DOC staff members for reasons that could have resulted in harm to those persons. Thus, they reasonably sought an injunction to prevent release of the records. In sum, because the record shows that Parmelee's stated reason for obtaining the requested records was so that he could find "a couple big ugly dudes to come to Walla Walla for some late night service on these punks," id. at 108, it cannot be said that a central tenet of representative government was preserved by jeopardizing the safety and well being of penitentiary staff members and their families.
¶ 41 I dissent.
WE CONCUR: BARBARA A. MADSEN, Chief Justice, DEBRA L. STEPHENS, Justice, and ELAINE HOUGHTON, Justice Pro Tem.
NOTES
[1] The PRA was previously named the public disclosure act (PDA), and the portion of the PDA concerning public records was formerly codified at RCW 42.17.330. For simplicity, we refer to the PDA as the PRA unless otherwise noted.
[2] The DOC contends Mr. Parmelee improperly raises the indispensable party issue for the first time on appeal. But we agree with the Court of Appeals that while Mr. Parmelee did not extensively argue this issue below, he mentioned joinder in the caption of his motion and cited CR 19 in his reply memorandum. This is sufficient to satisfy RAP 2.5(a).
[3] CR 19(b) provides for the situation in which joinder is not feasible and indispensability must be determined; such a situation is not implicated by the facts in this case.
[4] The attorney general's office also recognizes the legal interest of the requester in a PRA injunction proceeding and has promulgated a rule providing as much. See WAC 44-14-04003(11) (recognizing "[t]he requestor has a interest in any legal action to prevent the disclosure of the records he or she requested" (emphasis added)). WAC 44-14-04003(11) also states that, "[i]f an injunctive action is filed, the third party or agency should name the requestor as a party or, at a minimum, must inform the requestor of the action to allow the requestor to intervene." Although the WAC does not suggest joinder of the requester is mandatory under its model rules, it does provide that a person in Mr. Parmelee's position has an interest in this injunction proceeding. Although a situation may arise where the requester's joinder is not mandatory, this is not that case.
[5] Any argument that RCW 42.56.550 prevents impairment of Mr. Parmelee's interests because it provides a means for Mr. Parmelee to seek judicial review of the injunction action misconstrues the provision. RCW 42.56.550(1) provides, "[a]ny person having been denied an opportunity to inspect or copy a public record by an agency," may make a motion to a superior court to have the agency show cause why it denied the request. (Emphasis added.) This statute does not provide a means to review a judicial decision; rather, it provides a means to review an agency's denial of a request, which occurs before any judicial proceedings have taken place.
[6] Since we hold that, under CR 19, the requester is an indispensable party (i.e., one whose joinder is mandatory) we need not address the other issues argued by the parties.
[7] In addition to not complying with CR 19(a)(2)(A), we note that the proceedings below failed to satisfy the requirements of CR 19(c), which requires a pleading asserting a claim for relief to "state the names, if known to the pleader, of any persons joinable under (1) or (2) of section (a) hereof who are not joined, and the reasons why they are not joined." Where a litigant knows of a necessary party under CR 19(a)(2)(A) who has not been joined in the action, the pleadings must identify the absent, necessary party and explain why that party has not been joined. Because the record here demonstrates that Parmelee was a necessary party under CR 19(a)(2)(A), the failure to identify him and explain his absence was additional error under CR 19(c).
[8] Because we hold Mr. Parmelee should have been joined under CR 19(a), we do not reach Mr. Parmelee's challenge to the denial of his motion to intervene.
[9] We note that the legislature has enacted legislation that will greatly curtail abusive prisoner requests for public records. RCW 42.56.565 (effective Mar. 20, 2009). If Parmelee's motivation for seeking public records is an intent to harass penitentiary staff members, this case presents a model example of the types of public records requests that this new legislation will allow courts to enjoin. RCW 42.56.565(1)(c) allows courts to enjoin the "inspection or copying of any nonexempt public record by persons serving criminal sentences in state, local, or privately operated correctional facilities" if a court finds:

(i) The request was made to harass or intimidate the agency or its employees;
(ii) Fulfilling the request would likely threaten the security of correctional facilities;
(iii) Fulfilling the request would likely threaten the safety or security of staff, inmates, family members of staff, family members of other inmates, or any other person; or
(iv) Fulfilling the request may assist criminal activity.
Courts may "enjoin all or any part of a request" for public records in the above quoted circumstances, and based on the evidence, the court may also enjoin future requests by the same requester for a period of time the court deems reasonable. RCW 42.56.565(3).
[1] If, for example, the agency's interests are aligned with the records requester, that person reasonably may decline to join the injunction action in order to avoid the time and expense of litigation. In other instances, the injunction action might appear to the records requester to be baseless and he or she might simply choose to rely on the trial judge to apply the appropriate standard and dismiss the injunction action.