IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>AMEENA AAMER,<br><br>       Respondent,<br><br>  and<br><br>SHARIEF YOUSSEF,<br><br>       Appellant. | No. 78771-3-I<br>(Consolidated with No. 79170-2)<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br>FILED: March 2, 2020 |

CHUN, J. — On two occasions, Sharief Youssef took his daughter, H.Y., to Edmonds Family Medicine after picking her up from the home of his ex-wife Ameena Aamer. Youssef claimed that he saw injuries on H.Y. and that she told him her "mama" had hit her. While Child Protective Services (CPS) conducted an investigation, Youssef moved for a restraining order against Aamer and filed a petition to modify their parenting plan. The commissioner determined that Aamer had credible explanations for H.Y.'s injuries and denied Youssef's motion for a restraining order. A different commissioner, sitting pro tem, found that Youssef had acted in bad faith in bringing the petition for modification and awarded Aamer $6,461.50 in attorney fees. In reaching this finding, the commissioner indicated that Youssef had filed certain motions in the litigation, which had actually been filed by Aamer. The commissioner also said that Youssef had filed two petitions

for modification, when he had filed only one such petition. Because the commissioner relied on inaccurate facts to determine that Youssef acted in bad faith, we reverse.

## I. BACKGROUND

H.Y., the child of Aamer and Youssef, was born in March 2015.

On May 6, 2016, the trial court entered a Decree of Dissolution and a Permanent Parenting Plan for Aamer and Youssef. Later that month, Aamer filed motions for clarification and revision that the court denied.

Youssef claimed, that after he picked up H.Y. from Aamer's home on June 13, 2017, he noticed injuries on her. Youssef said that when he asked H.Y. about her injuries, she said "'wawah', 'edrab', and 'mama'" in her native language, which meant "'Ouwie', 'Hit', and 'Mama.'" Youssef took H.Y. to Edmonds Family Medicine and told them about what H.Y. had said regarding her injuries. Dr. Kelly White examined H.Y. and reported "bruising with small abrasions on both dorsal feet in a symmetrical pattern" and "[l]inear areas of bruising on [right] upper inner forearm." Given the comments that Youssef said H.Y. had made about her injuries, Dr. White contacted CPS.

On June 17, 2017, Youssef again noticed bruising on H.Y. after picking her up from Aamer's home. Youssef said that H.Y. again said "wawah" and "mama" when he asked about a bruise on her face. Youssef took H.Y. back to Edmonds Family Medicine. Advanced registered nurse practitioner (ARNP) Ashley Adrienne Rohde examined H.Y. ARNP Rohde noted H.Y. had "[b]ruising to [right] periorbital area" and "healign [sic] bruising and abrasions to dorsum of

feet bilaterally." ARNP Rohde called CPS, who recommended calling the police and requesting a protective order. ARNP Rohde then called Youssef and recommended that he not return H.Y. to Aamer and that he obtain a protective custody order.

Youssef requested an immediate restraining order against Aamer for him and H.Y. through the court's ex parte department on June 21, 2017. The commissioner told Youssef that he did not have jurisdiction to grant a restraining order because, as Youssef had not yet filed a petition for modification of the parenting plan, there was no pending action. The court recessed so Youssef could file a petition for modification. After the hearing resumed, Aamer testified that, regarding the red marks on H.Y.'s feet, the child had played with lipstick the night before. Aamer additionally testified that the bruising on H.Y.'s face occurred when the child was kneeling on a "bucket container" and "the other end popped up and it caught her." The commissioner determined that Aamer's explanations were "perfectly credible" and stated that "[H.Y.'s injuries] don't seem to be so serious that it's likely the results [sic] of abuse, but I can't tell." The commissioner denied the restraining order.

On March 2, 2018, Youssef filed a motion for adequate cause decision on his petition to modify the parenting plan. A different commissioner, sitting pro tem, determined that adequate cause did not exist for the matter to proceed. Furthermore, the commissioner found that Youssef did not bring the petition in good faith and awarded Aamer $6,461.50 in attorney fees. The commissioner dismissed Youssef's petition to modify the parenting plan.

3

Youssef moved for reconsideration on April 26, 2018, which the commissioner denied. The commissioner found that Youssef "failed to allege specific facts upon which the commissioner below incorrectly relied upon, or any basis under CR 59 on which the court should reconsider its ruling." The commissioner further found that Youssef brought the motion for reconsideration "in bad faith and without any legal basis" and that the motion was "further evidence of [Youssef's] intransigence." The commissioner awarded Aamer an additional $3,640 in attorney fees.

On May 7, 2018, Youssef moved for revision of the commissioner's "March 16, 2018 Order on Adequate Cause and April 26, 2018 Order on Reconsideration to remove the attorney fee awards against [him]." The court entered an Order on Revision on July 5, 2018. The court determined that the commissioner's decision to award fees with respect to the March 16, 2018 Order on Adequate Cause was justified, but remanded for further proceedings because there was no fee declaration in the record to support the amount of the award. Because the record did not contain a fee declaration, the court could not find that Youssef's motion for reconsideration was in bad faith or intransigent and accordingly reversed the award of $3,640 in fees.[1] Youssef appealed to this court.

---

[1] Aamer argues that the trial court erred by reversing the award of $3,640. But because Aamer did not file a cross-appeal and Youssef does not assign error to this reversal, Aamer cannot now challenge this decision on appeal. See State v. Sims, 171 Wn.2d 436, 441-42, 256 P.3d 285 (2011) (holding the State could not challenge the criminal defendant's sentence as a whole when it did not cross-appeal and the defendant appealed only a single sentencing condition).

On October 3, 2018, while the appeal was pending, the commissioner entered Findings in Support of Award of Attorney's Fees. The findings state that, when ordering the award, the commissioner had considered a three-page document "purport[ing] to list[] the total fees incurred by [Aamer] as of March 16, 2018," with a total of $6,461.50—the amount awarded. The commissioner also stated "[t]he fees were awarded on the basis of a finding of bad faith in filing a Petition for Modification." The commissioner noted that CPS determined both reports of abuse "were 'unfounded.'" Moreover, the commissioner found that Youssef "was aggressively pursuing litigation over the parenting plan" and that his "pursuit of litigation and repeated attempts to modify the parenting plan was in bad faith." The commissioner cited case law addressing bad faith under RCW 4.84.185 and CR 11 (citing Skimming v. Boxer, 119 Wn. App. 748, 756, 82 P.3d 707 (2004) and Wilson v. Henkle, 45 Wn. App. 162, 175, 724 P.2d 1069 (1986)). Youssef appealed.

This court consolidated Youssef's appeals of the Order on Revision and Findings in Support of Award of Attorney's Fees.

## II. ANALYSIS

Youssef argues that the commissioner erred in awarding fees against him because he did not act in bad faith. Aamer claims the facts of the case support the commissioner's bad faith determination. Because the commissioner relied on incorrect facts when making her finding of bad faith, we determine that she abused her discretion.

Where a party appeals a ruling on a motion for revision of a commissioner's decision, our review is of the superior court's decision. See State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004) ("Once the superior court makes a decision on revision, the appeal is from the superior court's decision, not the commissioner's."). If a party does not move for revision before the superior court, RCW 2.24.050 permits a direct appeal of a commissioner's ruling. Where a party challenges a commissioner's findings of facts and conclusions of law, we review the findings for substantial evidence and the conclusions of law de novo. In re Marriage of Dodd, 120 Wn. App. 638, 643, 86 P.3d 801 (2004). Here, Youssef appealed both the superior court's order on revision and the commissioner's ruling on remand.

Courts may award a party attorney fees if a contract, statute, or recognized ground in equity authorizes it. Bowles v. Wash. Dep't of Ret. Sys., 121 Wn.2d 52, 70, 847 P.2d 440 (1993). Here, the commissioner awarded the fees based on bad faith and cited case law discussing both RCW 4.84.185 and CR 11.[2]

---

[2] Youssef appears to argue for the first time in his Reply that the commissioner went beyond the scope of the trial court's remand by making findings relating to bad faith. To the extent that Youssef is asserting that we cannot consider the commissioner's bad faith findings, we generally do not address arguments raised for the first time in a reply brief, even if they are of constitutional magnitude, because the other party does not have a fair opportunity to respond. State v. Peerson, 62 Wn. App. 755, 778, 816 P.3d 43 (1991). Moreover, Youssef did not object to the findings below or move to revise the findings before the superior court on this ground. As such, he did not preserve this objection for appeal. RAP 2.5(a) ("The appellate court may refuse to review any claim of error which was not raised in the trial court.").

Additionally, Youssef claims the case law the commissioner cited in the Findings in Support of Award of Attorney's Fees is inapposite because it does not address RCW 26.09.260, which governs modifications of a parenting plan or custody decree. But RCW 4.84.185 applies to "any civil action" and CR 11 governs all civil proceedings.

Courts may award attorney fees under RCW 4.84.185 in any civil action where a claim "was frivolous and advanced without reasonable cause." "The statute is designed to discourage abuses of the legal system by providing for an award of expenses and legal fees to any party forced to defend against meritless claims advanced for harassment, delay, nuisance, or spite." Skimming, 119 Wn. App. at 756 (internal citation omitted). CR 11 permits courts to award attorney fees incurred because a party acted in bad faith by filing pleadings for an improper purpose or filed pleadings that are not grounded in fact or warranted by law. Loc Thien Truong v. Allstate Prop. & Cas. Ins. Co., 151 Wn. App. 195, 207-08, 211 P.3d 430 (2009) (citing Skimming 119 Wn. App. at 754). If a party persists with repeated and wholly meritless efforts, courts can infer they are motivated by spite rather than by a sincere belief in the sufficiency of their claims. See In re Recall of Pearsall-Stipek, 136 Wn.2d 255, 267, 961 P.2d 343 (1998) ("Given the repeated and wholly meritless efforts to recall [the respondent], [the appellant's] persistence suggests that he may be motivated by spite rather than by a sincere belief in the sufficiency of the recall charges.").

Here, the commissioner based the attorney fee award on the finding that Youssef had acted in bad faith. The commissioner reached this finding because "the history of litigation as shown on the docket was that the respondent/father

Piper, 184 Wn.2d at 786-87 (acknowledging that RCW 4.84.185 applies in any civil action); Burt v. Dep't of Corr., 168 Wn.2d 828, 837, 231 P.3d 191 (2010) ("CR 81 provides that, generally, the civil rules govern all civil proceedings, '[e]xcept where inconsistent with rules or statutes applicable to special proceedings . . .'"). Youssef does not allege any inconsistency between RCW 4.84.185 and RCW 26.09.260. Accordingly, the commissioner had the authority to award attorney fees not just under RCW 26.09.260, but also pursuant to RCW 4.84.185 and CR 11.

was aggressively pursuing litigation over the parenting plan." The commissioner pointed to a motion for clarification, motion for revision, appeal of the original parenting plan, motion for a restraining order, and petitions for modification. But the commissioner incorrectly attributed the motions for clarification and revision, which Aamer had filed, to Youssef. Aamer concedes that she filed these motions. In making its determination, the commissioner also incorrectly stated that Youssef had filed two modification petitions. Aamer concedes that Youssef filed only one petition for modification.

The commissioner otherwise found bad faith because Youssef filed the motion for a restraining order, modification petition, and appealed the parenting plan back in 2016. But Youssef filed the motion for a restraining order after ARNP Rohde spoke with CPS and recommended that he seek one. Furthermore, Youssef filed the modification petition only after the commissioner told him he needed to for jurisdiction to exist over his motion for a restraining order. Additionally, while persistence can indicate spite, rather than by a sincere belief in the sufficiency of his claims, motivated a party to pursue litigation, we cannot say that Youssef's appeal of the parenting plan—which mostly raised an evidentiary issue—was wholly meritless. See In re Recall of Pearsall-Stipek, 136 Wn.2d at 267; In re Marriage of Aamer, noted at 199 Wn. App. 1035 (2017). Furthermore, Youssef filed that appeal in 2016 and the issues addressed in it bear no relation to his 2017 motion for a restraining order or petition for modification.

The commissioner awarded the attorney fees through finding bad faith, but in doing so relied on incorrect facts. The remaining facts relied on are not, standing alone, sufficient to find Youssef acted in bad faith. Accordingly, substantial evidence did not support the commissioner's findings. We reverse the attorney fee award.[3]

Reversed.

WE CONCUR:

---

[3] While Youssef appealed both the superior court's order on revision and the commissioner's decision on remand, given our decision, we need not reach the issue whether the trial court erred in its ruling on revision.

Also, Aamer asks us to award her attorney fees on appeal under RCW 26.09.140. RCW 26.09.140 authorizes a court to award attorney fees based on the relative resources of the parties and the merits of the appeal. In re Marriage of Leslie, 90 Wn. App. 796, 807, 954 P.2d 330 (1998). Based on all the circumstances of this case, we decline to award fees to Aamer. Since we do not award fees to Aamer, we do not address Youssef's argument that Aamer's briefing fails to properly request fees on appeal.