[No. 86410-1.   En Banc.]
Argued May 22, 2012.     Decided September 20, 2012.

FRANKLIN COUNTY SHERIFF'S OFFICE ET AL., *Respondents*, v.
ALLAN PARMELEE, *Petitioner*.

*Allan Parmelee*, pro se.

*Shawn P. Sant, Prosecuting Attorney for Franklin County*, and *Ryan E. Verhulp, Deputy*, and *Kenneth W. Harper* (of *Menke Jackson Beyer Ehlis Harper & Plant*), for respondents.

*Robert M. McKenna, Attorney General*, and *Timothy N. Lang, Senior Assistant*, on behalf of Department of Corrections and Office of Attorney General, amici curiae.

*William J. Crittenden* and *Patrick D. Brown* on behalf of Washington Coalition for Open Government, amicus curiae.

¶1 C. JOHNSON, J. — This case involves the Public Records Act (PRA) and whether, under RCW 42.56.540, the superior court may consider the identity of a public records requester when determining whether to issue an injunction. The superior court ruled it could not consider a requester's identity and scheduled a permanent injunction hearing to determine whether the records were exempt from disclosure. Franklin County sought review of the trial court's ruling regarding identity. The Court of Appeals disagreed with the superior court and held that identity could be considered under RCW 42.56.540 because a superior court's injunctive powers are equitable. It also held that RCW 42.56.565, enacted while review was pending, is retroactive. Having determined that the Court of Appeals improperly reviewed the case when the trial court had not ruled on

whether the records are exempt, we reverse the Court of Appeals and remand for a hearing on the permanent injunction.

## FACTS

¶2 Pro se petitioner Allan Parmelee is an inmate serving time for 2004 convictions. In 2008, Parmelee made 81 separate public records requests to Franklin County's sheriff's office, jail, and prosecutor seeking the names, gender, age, race, job title, pay rate, training records, and photographs of the guards and staff. He also sought incident records of complaints in any way involving county staff, records of use-of-force incidents, videotaped records of jail areas where staff used force on prisoners, and jail policies.[1]

¶3 The county provided Parmelee with a staff list and sought an injunction under RCW 42.56.540 against further disclosure. In its injunction petition, the county cited other cases involving Parmelee where courts enjoined release of records after finding his requests were made to harass or threaten staff. Citing similar purposes for this request, the county argued that disclosure was not in the public interest and would substantially and irreparably harm persons and vital government functions. It also argued that disclosure was exempt under RCW 42.56.420(1) and .230.

¶4 The superior court granted a permanent injunction without affording Parmelee an opportunity to respond. Parmelee requested the court set aside the injunction and strike the portion of the county's petition relating to his identity. The court agreed but issued a temporary injunction pending a hearing on the matter. It also ruled it could not consider the requester's identity at that hearing, con-

---

[1] Parmelee has submitted many public records requests to various agencies, including to the Department of Corrections (DOC), King County Sheriff's Office, and King County Department of Adult and Juvenile Detention. DOC has received more than 800 requests from Parmelee; 215 were for the personnel files of correctional officers, officials, and staff. *See* Amici Br. of Attorney Gen. and DOC, App. C.

cluding that under the PRA, the information was irrelevant to whether the records may be withheld. The court made no ruling on whether the records were exempt. The court denied the county's motion for reconsideration on the identity issue and the county sought interlocutory appeal. While review was pending, the legislature enacted RCW 42.56-.565, a statute permitting a superior court to enjoin, under certain circumstances, the present and future public records requests made by a prisoner. The Court of Appeals granted discretionary review and determined the superior court could generally consider a requester's identity when considering injunctive relief under RCW 42.56.540 and that RCW 42.56.565 was retroactive. *Franklin County Sheriff's Office v. Parmelee*, 162 Wn. App. 289, 253 P.3d 1131 (2011). We granted Parmelee's petition for review. *Franklin County Sheriff's Office v. Parmelee*, 173 Wn.2d 1001, 264 P.3d 252 (2011).[2]

## ANALYSIS

¶5 The PRA requires that all state and local agencies make all public records available for public inspection and copying upon request, unless a specific exemption applies. RCW 42.56.070(1). There is a strong public policy favoring disclosure, and exemptions are to be narrowly construed. RCW 42.56.030. Agencies must respond to public records requests within five days. RCW 42.56.520. Any person whose request was denied may seek judicial review of the agency's denial pursuant to RCW 42.56.550.

¶6 We have also recognized that an agency may initiate court action rather than wait for the requester to seek judicial review of a denied request. In *Soter v. Cowles Publishing Co.*, 162 Wn.2d 716, 174 P.3d 60 (2007), we held that an agency named in a records request may seek a

---

[2] Washington Coalition for Open Government filed an amicus curiae brief relating to the application of RCW 42.56.540, and Washington State Attorney General and DOC filed an amicus curiae brief supporting retroactive application of RCW 42.56.565.

judicial determination that the records are exempt from disclosure under the injunction provision in RCW 42.56-.540. The statute provides, in relevant part:

> The examination of any specific public record may be enjoined if, upon motion and affidavit by an agency or its representative or a person who is named in the record or to whom the record specifically pertains, the superior court . . . finds that such examination would clearly not be in the public interest and would substantially and irreparably damage any person, or would substantially and irreparably damage vital governmental functions.

RCW 42.56.540. Because agencies are penalized on a per-day basis for improperly denying a records request,[3] an agency's option to quickly seek a judicial determination that the requested records are not subject to disclosure is an important one. *See Soter*, 162 Wn.2d at 750-52.

¶7 Under RCW 42.56.540, an agency that is the target of a disclosure request must show that the specific records are specifically exempt under the PRA. *Seattle Times Co. v. Serko*, 170 Wn.2d 581, 591, 243 P.3d 919 (2010); *Soter*, 162 Wn.2d at 755. Here, however, Franklin County sought to first establish the additional findings required under RCW 42.56.540, contending Parmelee's request was not in the public interest and would harm its staff and government functions. The county pursued this argument before showing that the specific records were not subject to production under a specific exemption in the PRA. The trial court disagreed with the county, ruling that it could not consider the requester's identity for injunctive relief. But the trial court also entered a temporary injunction and scheduled a permanent injunction hearing. Importantly, at that hearing, the trial court would have determined

---

[3] RCW 42.56.550 provides for judicial review of agency actions by any person whose request to inspect or copy a public record has been denied by an agency. Under RCW 42.56.550(4), any person who prevails against the agency in any court action shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action, and a court also has discretion to award penalties on a per-day basis as authorized by the statute.

whether the records were exempt from disclosure based on the information in the records in relation to the statutory inquiry. Without knowing the contents of the records, no basis would exist for the trial court to determine the additional "public interest" and harm findings under RCW 42.56.540. The Court of Appeals failed to recognize this. Had the trial court had a chance to consider the records and ruled the records were exempt from disclosure, there would have been no need for Franklin County to argue that Parmelee's identity be considered. Seeking review of this preliminary decision was simply premature. Thus, in our view, the Court of Appeals erred by deciding the identity issue under RCW 42.56.540.

¶8 The Court of Appeals also determined that RCW 42.56.565,[4] a statute enacted while review was pending, could be applied retroactively. Because no motion for an injunction under this statute has been made, we determine that the Court of Appeals erroneously reached this issue as well. Certainly the trial court, on remand, will consider this statute and any other matters or arguments raised during further proceedings.[5]

## CONCLUSION

¶9 The Court of Appeals improperly reached and resolved the requester identity issue. We reverse and remand to the superior court for further consideration.

MADSEN, C.J., and CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, WIGGINS, and GONZÁLEZ, JJ., concur.

---

[4] This statute permits a superior court to enjoin, under certain circumstances, the present and future public records requests made by a prisoner. *See* RCW 42.56.565.

[5] Nothing bars the superior court from considering a request under RCW 42.56.565 if the agency brings a proper motion.