IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ERIC BURT, GARY EDWARDS, SHERRY HARTFORD, JOANN IRWIN, JOHN MOORE, CLIFFORD PEASE, DAVID SNELL, HAROLD SNIVELY, ALAN WALTER, DUSTIN WEST, PAUL-DAVID WINTERS, CHERI STERLIN, LAURA COLEMAN, CHARLES CROW, RICHARD "JASON" MORGAN, | ) ) ) ) ) ) ) ) ) ) | No. 31560-6-III (consolidated with No. 31559-2-III) |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, | ) ) ) ) | |
| Respondent, | ) ) | |
| ALLAN PARMELEE, | ) ) | |
| Appellant. | ) ) ) | |
| MARK ABBOTT, et al.,† | ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, | ) ) ) ) | |
| Respondent, | ) ) | |
| ALLAN PARMELEE, | ) ) | |
| Appellant. | ) ) | |

---

† See Appendix for a list of all plaintiffs.

No. 31560-6-III (consolidated with No. 31559-2-III)
*Burt v. Dep't of Corr.*

SIDDOWAY, C.J. — The late Allan Parmelee, while incarcerated in the Washington State Penitentiary, persuasively argued to the Washington Supreme Court that public record requestors like himself are necessary parties when third parties seek to enjoin agencies from responding to requests under the Public Records Act (PRA), chapter 42.56 RCW. As a result, two cases that Washington Department of Corrections (DOC) employees brought to enjoin their employer from releasing personal information to Mr. Parmelee were remanded to the Walla Walla Superior Court with directives to add Mr. Parmelee as a party.

By the time of the remands, the legislature had broadened the authority of courts to enjoin vexatious public record requests from inmates, and the Thurston County Superior Court had exercised that authority to enjoin Mr. Parmelee from making any request for information on DOC employees for five years. As a result, both of the remanded cases were dismissed. In dismissing the cases, the trial court denied Mr. Parmelee's request for an award of attorney fees and costs.

On appeal, Mr. Parmelee's estate does not challenge dismissal of the actions but it does argue that it is entitled to recover attorney fees and costs. But the rule of equity under which a party can recover fees incurred in dissolving an injunction applies to dissolving wrongful *interlocutory* injunctions, and no interlocutory injunction was entered in these cases nor would one be. For that reason, and because the trial court did

2

not abuse its discretion in finding that Mr. Parmalee came into court with "unclean hands," we affirm.

FACTS AND PROCEDURAL BACKGROUND

Alan Parmelee was an inmate incarcerated in Washington corrections facilities at times relevant to this appeal. He passed away in October 2013, while in the custody of the DOC, and this action is being pursued by his estate.

The consolidated cases before us are lawsuits brought by DOC employees to enjoin their employer's release of personal information to Mr. Parmelee. Eric Burt was the lead plaintiff in the first lawsuit and Mark Abbott was the lead plaintiff in the second. At issue in this appeal are proceedings that took place after Mr. Burt's lawsuit was remanded to the superior court following the Washington Supreme Court's decision in *Burt v. Washington State Department of Corrections*, 168 Wn.2d 828, 231 P.3d 191 (2010) and after Mr. Abbott's lawsuit, which this court stayed pending a decision in *Burt*, was remanded to the superior court following our unpublished decision in *Parmelee v. Washington State Department of Corrections (Abbott)*[1], noted at 161 Wn. App. 1015, 2011 WL 1631722 (2011).

Events that had earlier transpired in those lawsuits and in the DOC's Thurston

---

[1] We refer to this decision as "Abbott" to distinguish it from other appellate decisions, discussed hereafter, whose case names include "Parmelee."

3

County lawsuit against Mr. Parmelee are relevant to the issues on appeal. We start with

the history of the three lawsuits predating the 2010 and 2011 remands.

## I. Proceedings Before the 2010 and 2011 Remands

Burt v. Washington State Dep't of Corrections
*Walla Walla Superior Court Case No. 05-2-00075-0*
*Filed January 26, 2005*

Eric Burt and 10 other employees of the DOC filed suit in 2005 to obtain a

protective order enjoining their employer from responding to a public records request

filed by Mr. Parmelee in October 2004. Mr. Parmelee's request sought photographs of

the employees and their addresses, incomes, retirement and disability information,

administrative grievances or internal investigations of the employees, and "any

documents not previously listed above, related to the persons listed above." Clerk's

Papers (CP) at 99.

The employees' complaint cited Mr. Parmelee's criminal background, which

included his current offense—two counts of (retaliatory) first degree arson—for which he

had received an exceptional sentence; and his history of using information obtained under

the PRA for harassment purposes. The department responded with its own memorandum

in support of granting the protective order requested by its employees. *Burt*, 168 Wn.2d

at 830.

The trial court granted the employees' request for an injunction under former

RCW 42.17.330 (1992) (recodified as RCW 42.56.540 by LAWS of 2005, ch. 274, § 103,

4

effective July 1, 2006)) and permanently enjoined release of the requested records. It found that Mr. Parmelee "has a history of attempting to obtain personal information against anyone who opposes his wishes to use it to harass, intimidate, threaten and slander victims and their families." CP at 99. It also found that a letter from Mr. Parmelee intercepted by penitentiary staff had sought home addresses of employees of the Washington State Penitentiary so that Mr. Parmelee could have "some big ugly dudes come to Walla Walla for some late night service of these punks. Obviously some show of muscle needs to be sent." *Id.* The court concluded that examination of the records by Mr. Parmelee "would not be in the public interest" and would "substantially and irreparably damage" the employees and "the vital governmental function of operating safe and secure prisons." *Id.* at 100.

When Mr. Parmelee learned that the trial court had enjoined any response to his request, he filed a limited notice of appearance seeking to intervene in the action and seeking reconsideration. The trial court denied his motion. This court affirmed, rejecting Mr. Parmelee's argument that he was an indispensable party under CR 19(a). *Burt v. Wash. Dep't of Corr.*, 141 Wn. App. 573, 575, 170 P.3d 608 (2007), *rev'd by Burt v. Dep't of Corr.*, 168 Wn.2d 828, 231 P.3d 191 (2010).

5

No. 31560-6-III (consolidated with No. 31559-2-III)
*Burt v. Dep't of Corr.*

Mr. Parmelee petitioned for review by the Washington Supreme Court, which was granted. In a plurality decision,[2] the Supreme Court reversed this court, holding that Mr. Parmelee was a necessary party to the injunction proceeding because no other party represented his interest. *Burt*, 168 Wn.2d at 836-37. As the opinion for the plurality observed, "with both the DOC and the employees opposing disclosure, no party to the action was a proponent of disclosure. . . . The only person who wanted to see the records disclosed in this case was the person left out of the action, Mr. Parmelee." *Id.* at 835-36. The court dissolved the injunction and remanded with directions that Mr. Parmelee be joined as a party.

The plurality declined Mr. Parmelee's request for attorney fees and costs under RCW 42.56.550(4) and the equitable right to attorney fees for dissolving a wrongful injunction, noting that it was not resolving whether Mr. Parmelee was entitled to the records requested or determining whether the injunction was wrongfully issued. *Id.* at 838.

_____

[2] Five justices agreed that Mr. Parmelee was a necessary party to the injunction proceeding. *Burt*, 168 Wn.2d at 829, 839 (Sanders, J., concurring). The four justice plurality concluded Mr. Parmelee was not entitled to sanctions based on the employees' failure to provide their addresses and signatures with the pleadings, given that they were seeking protection from disclosure of this very information under RCW 42.56.540. *Id.* at 837. The concurring justice would have awarded sanctions. *Id.* at 840.

6

Abbott v. Dep't of Corrections
*Walla Walla Superior Court Case No. 06-2-01016-8*
*Filed December 19, 2006*

In December 2006, Mark Abbott and 646 other employees of the DOC filed a petition for temporary restraining order and permanent injunction seeking to enjoin the DOC from releasing their personal information to Mr. Parmelee. The trial court granted the motion for a permanent injunction in January 2007, refused to allow Mr. Parmelee to intervene, and Mr. Parmelee appealed. Mr. Parmelee moved this court to stay his appeal pending the Supreme Court's resolution of *Burt*, and given the similarity of the two cases, his motion was granted. *See Abott*, 2011 WL 1631722 at *2 (2011).

After the Supreme Court decided *Burt*, this court vacated the trial court's injunction in *Abbott* and remanded with directions that Mr. Parmelee be joined as a party. *Abbott*, 2011 WL 1631722, at *1. The court rejected a fee request, stating "it would be premature to award fees" under RCW 42.56.550(4). *Id.* at *3.

Dep't of Corrections v. Parmelee
*Thurston County Superior Court No. 09-2-02079-2*
*Filed January 29, 2007*

In 2009, our legislature enacted S.B. 5130, *Laws of* 2009, ch. 10, § 1, codified at RCW 42.56.565, to address abusive requests for public records by inmates. The statute authorizes courts to enjoin the inspection or copying of even nonexempt public records by persons "serving criminal sentences in state, local, or privately operated correctional facilities" if the court finds

7

(i) The request was made to harass or intimidate the agency or its employees;

(ii) Fulfilling the request would likely threaten the security of correctional facilities;

(iii) Fulfilling the request would likely threaten the safety or security of staff, inmates, family members of staff, family members of other inmates, or any other person; or

(iv) Fulfilling the request may assist criminal activity.

RCW 42.56.565(2)(c). The statute authorizes courts to enjoin future requests by the same requestor for a reasonable period of time. RCW 42.56.565(4); *Burt*, 168 Wn.2d at 837 n.9.

Following the 2009 legislation, the DOC, along with the state Office of the Attorney General, petitioned the Thurston County Superior Court for injunctive relief against Mr. Parmelee. Following a hearing, in November 2009 the court entered seven pages of findings from which it concluded that the DOC and the Attorney General had proved every one of the four alternative statutory bases for enjoining an inmate from inspecting or copying public records. It enjoined Mr. Parmelee from "inspecting, copying, or receiving records not yet provided to him that are responsive to any and all PRA requests he has submitted to the Department of Corrections, the Attorney General's Office, or any other agency of the State of Washington." CP at 35. It further provided that the DOC and other state agencies "have no obligation under the PRA to further search for, preserve, or in any other way process records responsive to Mr. Parmelee's PRA requests." CP at 36.

8

## II. Proceedings Following the 2010 and 2011 Remands

Following the remands of *Burt* and then *Abott*, Mr. Parmelee moved to dismiss both complaints on the grounds that the DOC employees' complaints failed to identify a specific statutory exemption justifying nondisclosure, which he contended was essential under the PRA. He argued he was entitled to attorney fees and costs in both cases for dissolving a wrongfully entered injunction. He also argued that the DOC should be required to pay his costs because it had misled the trial court as to applicable law.

In its response, the DOC agreed that both cases should be dismissed, but based on the five-year injunction issued by the Thurston County Superior Court. The DOC also argued that Mr. Parmelee should not be granted equitable attorney fees both because the law relating to injunctions under the PRA was not as clear as he contended and because Mr. Parmelee came into court with "unclean hands." CP at 18-22.

The Walla Walla Superior Court heard argument of the post-remand issues in *Burt* and *Abbott* in a consolidated hearing. It denied Mr. Parmelee's motion to dismiss and granted the DOC's. It denied Mr. Parmelee's request for attorney fees based on its written finding that the "equities balanced out" or, as the court stated when it orally ruled, "I don't think either side has clean hands." CP at 91; Report of Proceedings (RP) at 12.

Mr. Parmelee appealed the trial court's denial of his request for attorney fees and costs in both cases.

ANALYSIS

Under the American rule, parties must generally pay their own attorney fees. The rule is subject to exceptions for a contractual or statutory right to fees or a "recognized ground of equity." *Hsu Ying Li v. Tang*, 87 Wn.2d 796, 797-98, 557 P.2d 342 (1976). Equitable exceptions to the American rule include "misconduct or bad faith by a party" and "the dissolution of temporary restraining orders or injunctions when wrongfully issued." *Rustlewood Ass'n v. Mason County*, 96 Wn. App. 788, 801, 981 P.2d 7 (1999); *Pub. Util. Dist. No. 1 v. Kottsick*, 86 Wn.2d 388, 390, 545 P.2d 1 (1976).

Mr. Parmelee's estate invokes both of these equitable exceptions.

### *Wrongful issuance of injunction*

"[A] trial court, in exercising its discretion, may award attorney fees . . . when a party prevails in dissolving a wrongfully issued injunction or temporary restraining order." *Cornell Pump Co. v. City of Bellingham*, 123 Wn. App. 226, 232, 98 P.3d 84 (2004) (citing *Confederated Tribes of Chehalis Reservation v. Johnson*, 135 Wn.2d 734, 758, 958 P.2d 260 (1998)); 15 KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 44:33, at 280 (2d ed. 2009) ("The defendant is not entitled to attorney fees [incurred in dissolving a preliminary injunction] as a matter of right. The award is discretionary with the court."). "A trial court has abused its discretion if its decision is manifestly unreasonable or based on untenable grounds." *Morgan v. City of Fed. Way*, 166 Wn.2d 747, 758, 213 P.3d 596 (2009).

The PRA's injunction statute, RCW 42.56.540, provides that

[t]he examination of any specific public record may be enjoined if, upon motion and affidavit by . . . a person who is named in the record or to whom the record specifically pertains, the superior court . . . finds that such examination would clearly not be in the public interest and would substantially and irreparably damage any person, or would substantially and irreparably damage vital governmental functions.

RCW 42.56.540.

While the statute provides an injunction remedy and dictates the showing required, it does not address the procedure to be followed. The procedure for obtaining interlocutory injunctions is governed by CR 65 and chapter 7.40 RCW. Under the court rule, the statutes, and other rules and statutes relating to final judgments, a third party seeking to enjoin an agency from disclosing or releasing a public record may seek a temporary restraining order, a preliminary injunction or a permanent injunction—or, at different stages, two of the remedies, or all three.

*Northwest Gas Ass'n v. Washington Uitlities and Transportation Commission*, 141 Wn. App. 98, 168 P.3d 443 (2007) is illustrative. In *Northwest Gas*, the Washington utilities and transportation commission (WUTC) notified gas pipeline companies of public record requests it had received for records containing highly detailed data on the location of the companies' pipelines. The WUTC notified the pipeline companies that it would release the records unless the requests were withdrawn or an injunction was obtained. 141 Wn. App. at 109. The pipeline companies acted: they first obtained

temporary restraining orders, at which time the superior court scheduled preliminary

injunction hearings. The pipeline companies contemplated that sometime following the

preliminary injunction hearing, there would be a trial addressing their request for

permanent injunction relief. 141 Wn. App. at 109-10. The trial court denied the

companies' request for a preliminary injunction at the hearing on that motion and at the

same time ordered the WUTC to disclose the requested records.

Our court granted accelerated review, agreeing with the pipeline companies that

by ordering disclosure of the records the trial court had conflated permanent injunctive

relief with preliminary injunctive relief. The court explained the intended operation of

CR 65:

> The process generally progresses from temporary restraining order, to
> preliminary injunction, to permanent injunction. CR 65(a)(2) provides,
> however, that "[b]efore or after the commencement of the hearing of an
> application for a preliminary injunction, the court may order the trial of the
> action on the merits to be advanced and consolidated" with the preliminary
> injunction application hearing. [(quoting CR 65(a)(2))]. But "[i]f [a] court
> does not expressly state that it is consolidating the injunction hearing and a
> trial on the merits, it may not render a final determination on the merits."

141 Wn. App. at 113 (some alterations in original) (quoting *League of Women Voters v.*

*King County Records, Elections & Licensing Servs. Div.*, 133 Wn. App. 374, 382, 135

P.3d 985 (2006)). The purpose of the rule, as the court explained, is "to give the parties

notice and time to prepare so that they will have a full opportunity to present their cases

at the permanent injunction hearing." *Id.* at 114; *accord Ameriquest Mortg. Co. v. Atty.*

*Gen.*, 148 Wn. App. 145, 155-56, 199 P.3d 468 (2009) (trial court similarly conflated the preliminary injunction hearing with a full hearing on the merits).

In seeking attorney fees for dissolving a wrongful injunction, Mr. Parmelee relies on cases that—unlike *Burt* and *Abbott*—involve *interlocutory* injunctions wrongfully obtained under CR 65 before the parties' dispute can be resolved on the full merits. The rule of equity under which a party may recover fees incurred in dissolving a wrongful injunction recognizes a unique harm that is suffered when a party's freedom to act is constrained before a trial court is presented with all of the parties' evidence and argument. The rule "does not entitle a successful defendant to recover *all* attorney's fees incurred in defending against injunctive relief." *Ritchie v. Markley*, 23 Wn. App. 569, 575, 597 P.2d 449 (1979) (emphasis added), *overruled on other grounds by Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 823, 828 P.2d 549 (1992)). Rather,

> Its purpose is to deter plaintiffs from seeking unnecessary *preliminary injunctions or restraining orders pending trial*, and accordingly it authorizes recovery only of those fees which a defendant incurs in dissolving a wrongfully issued preliminary injunction or restraining order.

*Id.* (emphasis added and omitted). "A temporary restraining order is 'wrongful' if it is dissolved at the conclusion of a full hearing." *Ino Ino, Inc. v. City of Bellevue*, 132 Wn.2d 103, 143, 937 P.2d 154 (1997). Attorney fees also cease to be recoverable if a temporary restraining order is dissolved by agreement, by a motion and hearing, or where a preliminary injunction is dissolved by trial on the merits. *Id.*

No. 31560-6-III (consolidated with No. 31559-2-III)
*Burt v. Dep't of Corr.*

In an action under the PRA injunction statute, the proceeding at which the trial court makes its final determination whether or not the records will be required to be disclosed *is* the proceeding on the merits, whether it is a trial or a hearing. This was illustrated in *Franklin County Sheriff's Office v. Parmelee*, 175 Wn.2d 476, 285 P.3d 67 (2012). In that case, the superior court initially enjoined one of Mr. Parmelee's requests for records without giving Mr. Parmelee a chance to respond but was persuaded by Mr. Parmelee to set aside its permanent injunction. It then entered a temporary restraining order preventing the agency from releasing records pending a permanent injunction hearing. 175 Wn.2d at 478-79. The sheriff's office appealed the temporary restraining order, which the Supreme Court held was premature, explaining:

> Importantly, at that [permanent injunction] hearing, the trial court would have determined whether the records were exempt from disclosure based on the information in the records in relation to the statutory inquiry. Without knowing the contents of the records, no basis would exist for the trial court to determine the additional "public interest" and harm findings under RCW 42.56.540.

*Id.* at 480-81.

*Federal Way Family Physicians, Inc. v. Tacoma Stands Up for Life*, 106 Wn.2d 261, 268, 721 P.2d 946 (1986) demonstrates that the wrongfulness of an injunction is always determined in the trial court, because it always concerns only interlocutory relief. In *Stands Up*, the court held that a party's right to attorney fees for quashing a temporary restraining order at the preliminary injunction stage

14

should abide the outcome of the hearing on the merits. If, after taking additional evidence, the trial court concludes that a permanent injunction should not issue, the trial court should award petitioners their fees for prosecuting this appeal. On the other hand, if respondents prevail on the merits, petitioners' request for fees must be denied.

*Id.* at 268. As one author has explained, "With the grant of a permanent injunction, the anticipatory relief given the plaintiff is lifted, and he is in a class with all other litigants. Injuries suffered after a final injunction should be no more ascribed to him than were he to have gotten no preliminary relief." Note, *Interlocutory Injunctions and the Injunction Bond*, 73 HARV. L. REV. 333, 346 (1959).

Washington decisions addressing which fees can be recovered are in accord and hold that recoverable fees are limited to those incurred during the time period that begins with entry of a temporary restraining order or preliminary injunction and ends with the determination that the records are not exempt from production and must be disclosed. If fees are awarded based on the rule of equity in a public records action, "they would be limited to those necessary to dissolve the temporary restraining order, not those connected with the appeal." *Johnson*, 135 Wn.2d at 759 (denying fees to party who prevailed before Supreme Court as to the nonexempt status of gambling commission records whose disclosure certain Indian tribes had sued to enjoin). *Cf. Gander v. Yeager*, 167 Wn. App. 638, 649-50, 282 P.3d 1100 (2012) (recognizing that where a permanent anti-harassment order is appealed after trial, the rule "allowing for attorney fees as

15

damages where a party is forced to litigate in a trial on the merits, focused solely on vacating a temporary injunction, does not apply").

Our Supreme Court denied an award of fees in *Burt*, ruling, as we did in *Abbott*, that fees may or may not become available under the rule of equity, depending on future proceedings following remand. Dismissal of the complaints put an end to any possibility that an interlocutory injunction would be wrongfully entered and later dissolved at a trial or hearing on the merits. There was no basis for an award of fees under the equitable rule.[3]

### Misconduct or bad faith

The Parmelee estate's argument that misconduct or bad faith supports an award of fees is predicated on DOC's alleged characterization of *Dawson v. Daly*, 120 Wn.2d 782, 794, 845 P.2d 995 (1993), *abrogated in part by Progressive Animal Welfare Society v. University of Washington (PAWS)*, 125 Wn.2d 243, 884 P.2d 592 (1994), as establishing that a court may enjoin production of a public record without determining that it falls within a specific statutory exemption from the PRA. The estate argues that this was a

---

[3] Fees could sometimes be recovered in PRA injunction cases under former RCW 42.17.340(4), which provides that a person who prevails in an action to inspect a public record "shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action." However, the provision does not authorize an award of fees in action brought by a private party to prevent disclosure of public records held by an agency that has agreed to release the records but is prevented from doing so by court order. *E.g., Tiberino v. Spokane County*, 103 Wn. App. 680, 692, 13 P.3d 1104 (2000). No issue of entitlement to fees under former RCW 42.17.340 is before us.

deliberate mischaracterization of the law in light of *PAWS,* decided the year after

*Dawson.* Our inherent equitable powers authorize the award of attorney fees in cases of

bad faith. *In re Recall of Pearsall-Stipek,* 136 Wn.2d 255, 266-67, 961 P.2d 343 (1998).

We review a trial court's decision to award or deny attorney fees for abuse of discretion.

*Id.* at 265.

In rejecting Mr. Parmelee's allegations of litigation misconduct by the State, the

trial court acknowledged that "the Department maybe messed up" but, with some

explanation, announced, "I don't think either side has clean hands, and I'm denying

attorney fees." RP at 11-12.[4] "It is well settled that a party with unclean hands cannot

recover in equity." *Miller v. Paul M. Wolff Co.,* 178 Wn. App. 957, 965, 316 P.3d 1113

(2014).

---

[4] As Division Two of this court observed in a separate case involving Mr.
Parmelee, the holding in *PAWS* is not as straightforward as the estate argues. *See*
*DeLong v. Parmelee,* 157 Wn. App. 119, 151, 236 P.3d 936 (2010), *dismissed on*
*remand,* 164 Wn App. 781, 267 P.3d 410 (2011).

And before a court may impose attorney fees as a sanction under its inherent
authority, it must make a finding that the conduct was at least "tantamount to bad faith."
*State v. Gassman,* 175 Wn.2d 208, 211, 283 P.3d 1113 (2012) (internal quotation marks
omitted) (quoting *State v. S.H.,* 102 Wn. App. 468, 474, 8 P.3d 1058 (2000)). In this
context, "the definition of *bad faith* is fairly narrow and places a significant burden on the
party claiming attorney fees." 14A KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL
PROCEDURE § 37:14, at 672-73 (2d ed. 2009). A trial court abuses its discretion in
awarding attorney fees as sanctions where the trial judge finds only "careless" action by
an attorney, as appears could have been the court's view here ("maybe messed up").

No. 31560-6-III (consolidated with No. 31559-2-III)
*Burt v. Dep't of Corr.*

The trial court discussed the four-member dissent in *Burt* in its oral ruling, in which the dissenters criticized Mr. Parmelee and his motives. The estate complains that the record available to the dissenters was of proceedings from which he had been wrongly excluded. But Mr. Parmelee *was* a party to the Thurston County proceeding that enjoined him from requesting department records for five years, and the findings, conclusions and order in that proceeding—which are preclusive as to Mr. Parmelee— were squarely before the trial court as the basis for dismissing the actions. The findings of the Thurston County Superior Court provide ample support for the trial court's determination that Mr. Parmelee's stated reason for seeking personnel records of DOC employees was to harass them, the motive that was the basis for the trial court's finding of unclean hands.

Affirmed.

_Siddoway, C.J._
Siddoway, C.J.

WE CONCUR:

_Korsmo, J._
Korsmo, J.

_Fearing, J._
Fearing, J.

18

No. 31560-6-III (consolidated with No. 31559-2-III)
*Burt v. Dep't of Corrections*
Appendix

APPENDIX

LIST OF ALL NAMED PLAINTIFFS
No. 31559-2-III

M. ABBOTT, C. ABEL, C. ABERNATHY, A. ADAMS, L. ADAMS, T. ADAMS,
J. ALEJANDRE, D. ALEXANDER, C. ALLEN, B. ALLESSIO, R. ALEXANDER,
T. AILINGTON, A. ALVARADO-JACKSON, C. ANDERSON, K. ANDERSON-BENNETT,
M. ANDRING, A. ANGOTTI, J. ANTHONY, M. ARBUCKLE, A. ARIETA, J. ARMES,
E. ARMES, M. ARROYO, R. ARMSTRONG, J. ATTEBERRY, J. ATWOOD, J. AVERY,
D. AVILA, A. AYALA, D. AYCOCK, A. BAILEY, J. BAILEY, R. BAKER, S. BARKER,
D. R. BASE SR., D.R. BASE II, J. BASE, M. BATES, E. BAUMANN, C. BAUSTIAN, D.
BAYER, R. BEAL, S. BECK, K. BELANGER, L. BELANGER, R. BELKNAP,
G. BENAVIDES, D. BENDIXSEN, D. BENFIELD, A. BENNETT, J. BENNETT,
T. BENNETT, G. BENSON, J. BICKFORD, W. BIDDISCOMBE, L. BIEGHLER,
G. BIRDWELL, K. BIRDWELL, B. BISCONER, K. BLEVINS, K. BLODGETT, C. BLY,
D. BLY, T. BOHANAN, G. BOOTH, R. BOWE, C. BOWMAN, M. BRADLEY,
R. BRANSCUM, D. BRASHEAR, G. BRASHEAR, D. BRELAND, K. BRODHEAD,
G. BROOKS, A. BROWN, F. BROWN, G. BROWN, J. BROWN, K. BROWN, T. BROWN,
W. BROWN, C. BRUCE, C. BULL, K. BURNS, J. BURRES, E. BURT, J. BURT, K. BURT,
M. BUTLER, S. CALKINS, H. CALLAHAN, C. CAMPO, J. CAMPOS, T. CARD,
F. CARRANZA, S. CARROL, A. CASEY, C. CARSON, J. CASBEER, R. CASE,
E. CASTILLO, C. CAUGHRON, J. CAVANESS, J. CERNA, M. CHAFFEY, R. CHANEY,
T. CHANEY, J. CHAPPELL, D. CHLIPALA, D. CHRISTENSEN, J. CHRISTY, C. CLARK,
G. CLARK, L. CLARK, M. CLARK, B. CLARKE, B. CLIFTON, K. CLOUGH, D. COBLE,
J. COERS, J. COLEMAN, L. COLEMAN, I. COLIN, J. COLL, R. COLLINS, W. COOKE,
D. COOKE, C. COOPER, J. COON, K. CORN, R. CORNELL, D. COTTON, H. COTY,
J. COURTNEY, C. COVARRUBIAS, C. COWDEN, J. CRAIG, M. CRAIG, T. CRAMER,
E. CREWSE, S. CRIDER, L. CROSS, R. CROSS, M. CROUSER, C. CROW, A. CRUZ,
W. CYTANOVICH, J. DAGGETT, E. DAHLIN, D. DANLY, D. DAUDT,
K. L. DAVENPORT, K. D. DAVENPORT, H. DAVIN, H. DAVIS, K. DAVIS, E. DAY,
S. DE LEON, H. DELGADO, D. DELP, J. DEMORY, D. DESMOND, R. DESMOND,
D. DESTITO, J. DEVEREAUX, J. DEVOIR, J. DILL, R. DILLA, R. DIXON, R. DODD,
T. DODDS, D. DOLL, B. DONE, E. DOWNS, B. DRASKOVIC, D. DUGGER,
A. DUNIEAVY, J. DUNLEAVY, G. EATON, F. EDINGER, A. EGAN-FIELDS, S. ELLIOTT,

No. 31560-6-III (consolidated with No. 31559-2-III)
*Burt v. Dep't of Corrections*
Appendix

D. ELLISON, C. EMERICK, W. END, T. ENTROP, K. ERB, R. ERBENICH, B. ERICKSON, E. ERICKSON, ED. ESCAPULE, ER. ESCAPULE, L. ESTES, M. ESTES, D. EVANS, P. FAIRLEY, R. FARROW, T. FAUVER, D. FEDDERSON, C. FERRIS, R. FIEIDS, A. FIGUEROA, JO. FISCHER, JU. FISCHER, D. FLEENOR, S. FLEENOR, A. FLARES, K. FORBES, K FORSS, R. FORSS, M. FORSTER, B. FRAIRE, B. FRANKLIN, H. FREER, C. FRENCH, M. FRENCH, S. FRERICHS, N. FROST, J. FRY, T. GABEL, D. GAINES, R. GAINES, S. GAINES, V. GAINES, L. GALLAGHER, K. GALLEHER, F. GALLOWAY, D. GANNAWAY, E. GARCIA, T. GARCIA, B. GARNER, H. GARRISON, M. GARZA, V. GASAWAY, J. GASCON, L. GERBER, R. GIBSON, D. GIES, T. GIES, C. GILLESPIE, D. GLEASON, P. GLEASON, A. GONZALEZ, M. GONZALEZ, B. GOODWIN, R. GOODWIN, S. GOUCHER, D. GONDE, F. GOULD, O. GOULD, T. GOULD, B. GRAHAM, C. GRAY, C. GRIMES, K. GRINDROD, T. GRINDSTAFF, M. GROGAN, J. GUZMAN, M. HAGER, S. HAHN, W. HALE, S. HALING, B. HALL, S. HALL, J. HALLSIED, C. HAMADA, J. HAMADA, W. HAMBY, B. HAMILTON, C. HAMM, M. HANAN, J. HANES, R. HANSEN, B. HANSON, W. HANSON, T. HARMON, S. HARMON, S. HARRIS, J. HARTFORD, B. HATLEY, C. HAVENS, T. HEAD, R. HEILBRUN, W. HEIMANN, L. HEINKEL, E. HEIRD, R. HENDERSON, B. HENDRIX, B. HENRY, L. HERBST, M. HILL, G. HILL, R. HILLIS, M. HINOJOSA, K HOBBS, H. HOBSON, C. HOERNER, G. HOFFMAN, D. HOLBROOK, D. HOLEVINSKI, T. HOLLINGSWORTH, J. HOPPEN, D. HOPPEN, R. HOSSACK, M. HOUSE, C. HOWARD, L. HOWERTER, R. HOWERTON, S. HNBBS, A. HUBBARD, R. HUBBARD, R. HUEIT, D. HUMPHRYS, J. HNRLEY, S. HUSSEY, D. HUTCHERSON, A. HUTCHINS, S. HUTCHINS, M. HUWE, F. IVEY, G. ISITT, S. ISITT, D. JACKSON, K. JACKSON, R. JACKSON, S. JACOBSON, R. JACOBSON, J. JAMES, M. JAMES, G. JAMIESON, L. JANTZ, D. JANSEN, R. JANZER, N. JAWIS, G. JENNINGS, C. JENSEN, R. JENSEN, C. JERNEE, K. JERGENSEN, A. JESBERGER, K. JESSEE, F. JIMENEZ, C. JOHNSON, L. JOHNSON, M. JOHNSON, C. JONES, L. JONES, R. JONES, C. JORDAN, E. JORDAN, K. JORDAN, S. KARLSON, S. KEARSLEY, B. KELLY, S. KELSEY, K. KIESZ, D. KIMBALL, J. KING, M. KING, P. KING, S. KING, B. KINMAN, M. KLUNDT, R. KNIGHT, M. KNIGHTON, C. KNOEFLER, K. KNOWLTON, L. KOHLER, D. KOZACHENKO, R. KRAUSE, M. KNCZA, A. KUNZ, K. LACKEY, M. LADUKE, C. LANE, M. LANE, J. LANG, R. LAUTERBERG, B. LECHNER, A. LEE, H. LEE, A. LENZ, J. LEONARD, P. LEONETTI, D. LEPIANE, K. LEROUE, S. LESIENR, L. LEWIS, D. LIEN, R. LINDSAY, L. LINDSEY, J. LINSEY, L. LITERAL, M. LITCHFIELD, R. LOCATI, W. E. LOEVENSTEIN II, G. LOGAN, W. LOGAN, C. LOGSDON, C. LOIACONO-BROWNELL, M. LOIACONO, A. LOMELI, L. LOPER, S. LOWDER, K. LOYD, G. LUGO, T. LUGO, D. LNNDGREN, L. LUNDGREN, S. LYONS, B. MAGUIRE, L. MAGUIRE, E. MANTEL, W. MARCUM, M. MARION, S. MARTIN, J. MASON, P. MATHISON, E. MCALVEY, D. MCCAW, J. MCDONALD, P. MCKEOWN, D. MCKINNEY,

No. 31560-6-III (consolidated with No. 31559-2-III)
*Burt v. Dep't of Corrections*
Appendix

C. MCLAUGHLIN, J. MCMANN, B. NCNEIL, E. MEDUTIS, M. MELE, M. MELTON,
T. MELTON, R. MENDIOLA, E. MENDOZA JR., L. MERRILL, K. MESPLIE, C. MEYER,
J. MEYER JR., MI. MEYER, G. MEZA JR., R. MICHAEL, J. MILES, A. MILLER,
C. MILLER, J. MILLER, K. MILLER, S. MILLER, C. MILLS, S. MINGS, T. MINK,
K. MITCHELL, M. MITCHELL, B. MOLLER, A. MONROE, A. MONTOYA,
R. MOON, B. MOORE, P. MOORE, R. J. MORGAN, D. MORRIS, D. MORRISETTE,
F. MORRISETTE, T. MORRISON, R. MOSS, M. MOSS, J. MOULTON, C. MUNDEU,
J. MUNDEN, J. MUNGER, S. MURPHY, D. MURRAY, L. NEILL, DA. NEISSL,
DE. NEISSL, E. NEISSL, H. NEISSL, J. NEISSL, M. NEISSL, P. NEISWONGER,
J. NELSON, J. NETTLES, S. NETTLES, J. NENSCHWANDER, B. NEWELL, E. NEWTON,
R. NEWTON, K. NICHOLS, S. NEISNER, CAR. NOAL, CAT. NOAL, S. NOIROT,
J. NORED, D. O'BRIEN, D. OCANAZ, L. OCANAZ, P. O'CONNOR, C. ODELL,
C. OLIVARES-GARCIA, E. OLIVER, S. OLIVER, R. ORNELAS, D. OVERTURF,
M. OWENS, P. OWENS, M. PALMER, J. PALOMO, J. PARTLOW, R. PARR,
R. PARTRIDGE, B. PATZKOWSKI, T. PAOLINO, G. PARENT, L. PAUL, T. PAUL,
CH. PEASE, C. PEASE, M. PECK, D. PEDDICORD, J. PEDDICORD, G. PENROSE,
H. PENROSE, R. E. PERCIFIEID, P. PERRIN, J. PHILLIPS, G. PIERCE, R. PIERCE, J. PIES,
R. PIVER, A. PONTI, K. PONTI, M. PONTI, S. PONTI, W. PONTI, K. POTTER, C. POTTS,
K. POWERS, R. POYNTER, L. PRICE, E. PRYOR, L. PRYOR, N. PUCKETT, R. QUEEN,
J. QUINTAL, K. QUINTAL, A. RALLS, E. RAILS, M. RAMIREZ, G. RANDOLPH,
S. RANDOLPH, T. REDDEN, C. REDDISH, M. REDDISH, B. RENWICK, C. REISWIG,
T. REISWIG, M. REYES, M. REYNOLDS, B. RHODES, G. RICHARDSON, J. RICHMOND,
K. RIGGIN, P. RIMA, A. RIPPY, A. ROBERSOU, D. ROBERTS, L. ROBERTS,
D. ROBERTSON, G. ROBINSON, K. ROBINSON, J. ROBLES, J. ROCK, C. ROCKWELL,
K. RODGERS, T. ROE, R. ROEDER, R. ROGERS, V. ROGERS, F. ROMINE, J. ROOP,
J. RORDEN, L. ROSE, R. ROSENDAHL, RE. ROYSE, RO. ROYSE, JAR. RUIZ,
JOS. RUIZ, M. SALTER, S. SAMITORE, R. SAMPSON, G. SAMS, J. SAMS,
R. SANCHEZ, B. SANDAU, L. SEAMAHORN, C. SCHMIDT, F. SCHMITS,
J. SCHUETZE, T. SCOTT, H. SCUDDER III, S. SEGRAVES, A. SEWEN, R. SERVEN,
B. SHAFFER, C. SHAMPINE, T. SHANNON, R. SHANNON, J. SHELTON,
R. SHUMATE, S. SINCLAIR, A. SILLER, S. SILLER, D. SKIDGELL, R. SLACK,
A. SLUSSER, P. SMALL, A. SMITH, C. SMITH, D. SMITH, G. SMITH, J. SMITH,
K. SMITH, M. SMITH, T. SMITH, W. SMITH, D. SNELL, H. SNIVELY, DA. SNYDER,
J. SNYDER, M. SOUTHERN, R. SPENCE, S. SPENCER, R. SPURGEON,
K. STEINBACK, L. STEINBACK, J. STEINLOSKI, C. STERLIN, S. STODOLA,
L. STOKES, S. STOKES, G. STUART, R. STONE, J. STRANG, M. STRANG,
K. SUCKOW, S. SUCKOW, S. SULLIVAN, J. SUMERLIN, C. SUMPTER,
S. SUNDBERG, D. SURRY, R. SWANSON, D. SWENSEN, V. SWORD, S. TAYLOR,

No. 31560-6-III (consolidated with No. 31559-2-III)
*Burt v. Dep't of Corrections*
Appendix

P. TESKE, B. THOMPSON, D. A. THOMPSON, D. G. THOMPSON, D. S. THOMPSON,
C. THORPE, E. TILLOTSON, G. TIMMS, J. TORRESCANO, B. TREADWAY,
D. TREADWELL, C. TREMBLEY, M. TURLEY, B. TURNER, M. UNCK,
C. UNGERECHT, J. UTTECHT, E. VILLARO, D. WAGNER, M. WAGNER, N. WALDO,
D. WALKER, J. WALKER, K. WALKER, V. WALKER, M. WALL, C. WALLINGFORD,
P. WALLINGFORD, D. WALTMAN, B. WARD, R. WARD, R. WARDLAW,
F. WARNEKA, S. WARREN, T. WARREN, D. WATKO, F. WATKO, L. WATSON,
W. WATSON, J. WATTS, L. WATTS, C. WEAVER, D. WEAVER, L. WEAVER,
R. WEAVER, S. WEAVER, T. WEAVER, L. WEBER, S. WEBER, M WEISPFENNING,
D. WELLS, D. WEST, A. WESTERBUR, M. WHALEN, A. WHEELER, B. WHEELER,
W. WHIPPLE, B. WHITE, M. WHITE, C. WHITMORE, K. WICKHAM, E. WILBUR,
R. WILCOX, J. WILLIAMS, M. WILLIAMS, R. WILLIAMS, W. WILLIAMS,
A. WILSON, C. WILSON, K. WILSON, T. WILSON, K. WINGER, P. WINTERS,
W. WOOD, D. WOOTON, S. WORDEN, L. YOBBAGY-FINN, L. YOUNG,
M. ZARAGOZA, R. ZARAGOZA, D. ZARNDT, K. ZEHNER, W. ZIER, D. ZIPF,
T. ZOHNER, M. ZUERCHER, W. ZUECHER, R. ZUVER