# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| SPINNAKER RIDGE COMMUNITY ASSOC. a Washington non-profit corporation, | No. 49038-2-II |
| Respondent, | |
| v. | Consolidated with 49465-5-II, 49775-1-II, 49258-0-II, 50145-7-II, 50355-7-II, 50488-0-II 50655-6-II, and 50828-1-II |
| CHRSTOPHER GUEST AND SUZANNE GUEST, and their marital community, | UNPUBLISHED OPINION |
| Appellants, | |
| DAVID LANGE and KAREN LANGE, individually and the marital community comprised thereof; JOHN FARRINGTON, individually and the marital community comprised of John Farrignton and Jean Farrington; WALLACE "BOB" TIRMAN, individually and the marital community comprised of Wallace "Bob" Tirman and Valerie Tirman; and JOHN DOES 1-50, | |
| Third Party Respondents. | |

Lee, A.C.J. — Christopher and Suzanne Guest appeal the superior court's orders entered against them in their litigation with Spinnaker Ridge Community Association. The Guests argue only that the superior court lacked jurisdiction over the original complaint filed against them by Spinnaker Ridge Community Association and ask us to reverse all orders that the superior court entered in Spinnaker Ridge's favor. Because the superior court had jurisdiction over Spinnaker Ridge's complaint to enforce covenants attached to the Guests' real property in Pierce County, we affirm.

## FACTS

This litigation resulted from the Guests' decision to build an addition to their deck on their own property without the approval of Spinnaker Ridge's Architectural Control Committee as required by the Spinnaker Ridge Covenants, Conditions, Restrictions, and Reservations (CC&Rs). The Guests have also been involved in extensive litigation with their former neighbors, David and Karen Lange, regarding the Langes' deck. That litigation is not the subject of this appeal.

On May 19, 2014, Spinnaker Ridge filed a complaint against the Guests to enforce the CC&Rs. Spinnaker Ridge sought damages resulting from the Guests' violations of the CC&Rs. Spinnaker Ridge also sought injunctive relief.

The Guests filed an answer, counterclaims, and third-party complaint. The Guests' counterclaims against Spinnaker Ridge alleged that the Spinnaker Ridge Board and the CC&Rs were invalid. The Guests also alleged a counterclaim based on Spinnaker Ridge's alleged failure to enforce the CC&Rs against the Langes for building their deck. The Guests' third-party complaint named several current and former members of the Spinnaker Ridge Board, including

the Langes, as third-party defendants and alleged claims for breach of fiduciary duty.[1]  The Langes filed a counterclaim against the Guests for damages resulting from a lis pendens the Guests recorded against the Langes' property as part of this litigation.

Between January and May 2016, the superior court entered various orders resolving different claims in the litigation until, ultimately, final judgments were entered in June 2016.  First, on January 8, the superior court entered on order granting Spinnaker Ridge's motion for partial summary judgment, ruling that the Spinnaker Ridge Board was proper and valid.[2]

Next, on April 8, the superior court granted Spinnaker Ridge's motion for partial summary judgment, ruling that the Guests were bound by the Spinnaker Ridge CC&Rs.

Then on May 6, the superior court entered several dispositive orders.  The superior court granted the Langes' motion for voluntary dismissal of their counterclaim under CR 41.  The superior court granted Spinnaker Ridge's motion for partial summary judgment, ruling there was no breach of fiduciary duty related to actions taken regarding the Langes' deck.  Based on the orders granting partial summary judgment, the superior court granted Spinnaker Ridge's motions for injunctive relief, to dismiss the Guests' remaining claims, and for attorney fees.  Also on May

---

[1] Later, the Guests moved to amend their complaint to include additional claims and parties.  The superior court denied the Guests' motion to amend as untimely and unduly prejudicial.

[2] The Guests appear to have abandoned their claim that the Spinnaker Ridge Board was invalid based on their argument that the Board exceeded the number of trustees allowed by the Articles of Incorporation.  Nowhere in their briefing on appeal do they assert the Board was invalid because it was improperly constituted; therefore, we decline to address it.  RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (This court will not consider assignments of error unsupported by citation to argument or authority or arguments made for the first time in reply briefs.).

6, the superior court entered judgment in favor of Spinnaker Ridge granting the requested injunctive relief.

Finally, on June 3, the superior court entered judgment for Spinnaker Ridge awarding over $200,000 in attorney fees.

The Guests appeal.[3]

ANALYSIS

The Guests very explicitly limit their appeal, arguing only that the superior court lacked jurisdiction over Spinnaker Ridge's complaint.  We disagree and affirm.

All parties request attorney fees on appeal.  Because the Guests have failed to comply with applicable court rules and are not the prevailing party, we deny their requests for attorney fees.

---

[3] In the two and a half years following the superior court's entry of judgment for Spinnaker Ridge, the Guests have filed numerous post-judgment motions at the trial court.  The Guests' post-judgment motions have resulted in eight additional appeals, which have been consolidated.  The Guests do not specifically assign error to any of the following orders or provide any argument specific to the following post-judgment motions:

- #49258-0 (7/15/16): designating three orders denying reconsideration
- #49465-5 (9/19/16): designating an order denying a motion for revision
- #49775-1 (12/19/16): designating order denying CR 12(h)(3) motion to dismiss for lack of subject matter jurisdiction and corresponding order denying reconsideration
- #50145-7 (3/27/17): designating order cancelling lis pendens Guests recorded against common areas of Spinnaker Ridge development
- #50355-7 (5/1/17): designating order denying motion to modify stay and release remaining judgment liens
- #50488-0 (6/19/17): designating order *granting* Guests' request to release judgment lien against a second property so they could sell it
- #50655-6 (7/24/17): designating order denying motion to release remaining judgment liens
- #50828-1 (10/6/17): designating order denying motion for reconsideration

Spinnaker Ridge and the third party defendants are entitled to attorney fees under the terms of the CC&Rs and by statute. Therefore, we grant Spinnaker Ridge's and the third party defendants' requests for attorney fees.

## I. SUPERIOR COURT JURISDICTION

"There are very few limitations on the subject matter of superior courts in Washington." *Outsource Servcs. Mgmt, LLC v. Nooksack Bus. Corp.*, 181 Wn.2d 272, 276, 333 P.3d 380 (2014). Art. 4, sec. 6 of the Washington Constitution provides, "The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been vested exclusively in some other court." We review whether the superior court had subject matter jurisdiction de novo. *Outsource Servcs. Mgmt*, 181 Wn.2d at 276.

Here, Spinnaker Ridge brought an action for enforcement of the Spinnaker Ridge CC&Rs. There is no other court in which enforcement of covenants are provided for. Therefore, the superior court had original jurisdiction over an action for enforcement of covenants under art. 4, sec. 6 of the Washington Constitution.

However, the Guests argue that the superior court was divested of jurisdiction by the Land Use Petition Act (LUPA), chapter 36.70C RCW, and the Internal Revenue Code, I.R.C. 501(c)(7).[4]

---

[4] The Guests also reference "unclean hands" in their opening brief. Amended Brief. of Appellant. at 8. Although "unclean hands" does not deprive the court of subject matter jurisdiction and would only preclude Spinnaker Ridge from obtaining equitable relief (the injunction), we briefly address the Guests' claim.

The Guests claim that unclean hands applies because the Guests are innocent parties and Spinnaker Ridge and its members "have persecuted, harassed, discriminated against and abused" them. Reply Brief of Appellant at 12. In general, " 'a party with unclean hands cannot recover in equity.' " *Burt v. Dep't of Corr.*, 191 Wn. App. 194, 210, 361 P.3d 283 (2015) (quoting *Miller v.*

For the reasons explained below, the Guests' arguments are misplaced. Neither LUPA nor I.R.C. 501(c)(7) divest the superior court of the general jurisdiction granted to it by the Washington Constitution.

A.      Land Use Petition Act (LUPA), chapter 36.70C RCW

The Guests argue that the superior court lacked subject matter jurisdiction because the only avenue for challenging the building of their deck was through LUPA. The Guests argue that the superior court only had jurisdiction to hear a challenge to building their deck under LUPA because the deck and its construction had been approved and permitted by the City of Gig Harbor. Because LUPA does not prevent a homeowner's association, such as Spinnaker Ridge, from enforcing its CC&Rs in accordance with its Articles of Incorporation and its By-laws, we disagree.

"LUPA is the exclusive means (with limited exceptions) by which superior courts obtain subject matter jurisdiction to provide judicial review of land use decisions by local jurisdictions."

---

*Paul M. Wolff Co.*, 178 Wn. App. 957, 965, 316 P.3d 1113 (2014)). Those who act unjustly or in bad faith are deemed to act with unclean hands. *See Miller*, 178 Wn. App. at 965; *Burt*, 191 Wn. App. at 210–11. The term "unclean hands" is " 'a figurative description of a class of suitors to whom a Court of Equity as a court of conscience will not even listen, because the conduct of such suitors is unconscionable, i.e. morally reprehensible as to known facts.' " *J. L. Cooper & Co. v. Anchor Sec. Co.*, 9 Wn.2d 45, 72, 113 P.2d 845 (1941) (quoting 1 JOSEPH STORY & W.H. LYON, JR., COMMENTARIES ON EQUITY Jurisprudence § 98 (14th ed. 1918)).

Here, the Guests' allegations of Spinnaker Ridge and its members' poor behavior are not only unsubstantiated by citations to the record or actual facts, but are related to conduct outside of this lawsuit and the equitable remedy Spinnaker Ridge sought. Spinnaker Ridge sought equitable relief to stop the Guests from building a deck in violation of the Spinnaker Ridge CC&Rs. The Guests have not made any allegation supporting that Spinnaker Ridge did anything unconscionable such as give the Guests affirmative permission to build the deck and then try to seek equitable relief to have the deck removed. Therefore, we do not address the Guests' argument that Spinnaker Ridge's claim is barred by the doctrine of unclean hands. RAP 10.3(a)(6); *Cowiche Canyon Conservancy*, 118 Wn.2d at 809.

*Cave Properties v. City of Bainbridge Is.*, 199 Wn. App. 651, 656, 401 P.3d 327 (2017) (citing

RCW 36.70C.030(1)). However, to invoke superior court jurisdiction under LUPA, the appeal

must involve a "land use decision" as defined in RCW 36.70C.020(2). *Cave Properties*, 199 Wn.

App. at 656 (citing *Durland v. San Juan County*, 182 Wn.2d 55, 64, 340 P.3d 191 (2014)). " 'Land

use decision' means a final determination by a local jurisdiction's body or officer with the highest

level of authority to make the determination." RCW 36.70C.020(2). Furthermore, "[i]f a cause of

action arises independently of the relevant land use petition, the claim is not barred [by LUPA]."

*City of Union Gap v. Printing Press Props., LLC*, 2 Wn. App. 2d 201, 220, 409 P.3d 239, *review

denied*, 191 Wn.2d 1003 (2018).

Here, Spinnaker Ridge did not challenge the permit granted by the local jurisdiction, the

City of Gig Harbor. Instead, Spinnaker Ridge argued that although the Guests' proposed deck was

permitted by the local jurisdiction, the Guests' proposed deck independently violated the CC&Rs,

which govern all homeowners in the Spinnaker Ridge development. Because Spinnaker Ridge

filed suit to enforce its governing CC&Rs and did not challenge the decision of the local

jurisdiction, Spinnaker Ridge's action was not challenging a land use decision. Therefore, LUPA

did not deprive the superior court of subject matter jurisdiction over Spinnaker Ridge's complaint

to enforce its CC&Rs. *See id.* at 220-21 (LUPA did not apply to action to enforce contract

provision even though the action had already been permitted by the local jurisdiction).

B.      Federal Tax Exempt Filing Status, I.R.C. §501(c)(7)

The Guests also argue that provisions in the articles of incorporation referencing the

Internal Revenue Code deprive Spinnaker Ridge of standing, and therefore, deprive the superior

court of jurisdiction. The Guests argue that a lack of standing deprives the superior court of subject matter jurisdiction. However, Spinnaker Ridge argues that standing is not jurisdictional and has been waived. For the reasons explained below, Spinnaker Ridge had standing as a corporation to pursue this action. Therefore, even assuming, without deciding, that lack of standing would deprive the superior court of jurisdiction, that is not the case here. Therefore, we disagree with the Guests' argument that the superior court lacked subject matter jurisdiction because Spinnaker Ridge lacked standing.

The Guests' argument rests on the Spinnaker Ridge articles of incorporation. Section 4.13 of the Spinnaker Ridge articles of incorporation states, "The corporation shall comply with Section 501[(c)(7)] of the Internal Revenue Code as now stated or as may hereinafter be amended." Clerk's Papers (CP) at 1799. Similarly, Section 4.2.1 of the Spinnaker Ridge Articles of Incorporation states, "The corporation shall not conduct or carry on activities not permitted to be conducted or carried on by organizations exempt under Section 501[(c)(7)] of the Internal Revenue Code as now stated or as may hereinafter be amended." CP at 1799. The Guests argue that because I.R.C. 501(c)(7) prohibits organizations from legally enforcing covenants, Spinnaker Ridge did not have standing and the superior court did not have jurisdiction.

However, the cited provisions do not change the nature of Spinnaker Ridge as a non-profit corporation duly formed under Washington statute. Spinnaker Ridge's articles of incorporation clearly form a Washington non-profit corporation under chapter 24.03 RCW. And under RCW 24.03.035(2), a Washington non-profit corporation shall have the power to sue, to be sued, to complain, and to defend in its corporate name. As stated in section 4.7 of its articles of

incorporation, Spinnaker Ridge can sue "[t]o enforce liens, charges, restrictions, conditions and covenants existing upon or created for the benefit of parcels and real property over which said corporation has jurisdiction." CP at 1798. Spinnaker Ridge sued to enforce its CC&Rs. The Guests have not explained how an internal inconsistency in the articles of incorporation would deprive a properly formed corporation from the exercising the powers conferred to it by statute. Therefore, we conclude that the inconsistency in Spinnaker Ridge's articles of incorporation does not deprive it of standing or the superior court of jurisdiction.

## II.    ATTORNEY FEES

All parties request attorney fees on appeal. The Guests request attorney fees under RAP 18.1 and 18.9, and RCW 64.38.050. Spinnaker Ridge requests attorney fees under RAP 18.1, the CC&Rs, and RCW 64.38.050. The third-party defendants also request attorney fees on appeal. We grant Spinnaker Ridge's and the third-party defendants' requests for attorney fees.

The Guests assert that they are entitled to attorney fees under RAP 18.1, RAP 18.9, and RCW 64.38.050. RAP 18.1(a) states that "if applicable law grants to a party the right to recover reasonable attorney fees or expenses . . . the party must request as provided in this rule." And RAP 18.1(b) states that a party must devote a section of his or her opening brief to argument supporting the request for attorney fees. The Guests did not comply with RAP 18.1 because they did not dedicate a section of their brief to the request for attorney fees; instead, they simply referenced RAP 18.1 in their conclusion. Furthermore, the Guests did not argue any applicable law that grants them the right to attorney fees, including why they would be entitled to attorney fees as sanctions

9

under RAP 18.9. And the Guests are not the prevailing party under RCW 64.38.050. Accordingly, we deny the Guests' request for attorney fees.

Spinnaker Ridge requests attorney under Section 13.1 of the amended 2007 CC&Rs. Section 13.1 provides,

> In any action brought as provided in this Section [based on continued failure to comply with governing documents or board decisions], the prevailing party shall be entitled to recover as part of its judgment a reasonable sum for attorney fees incurred in connection with the action, in addition to its expenses and taxable costs, as permitted by law.

CP at 3832. Here, Spinnaker Ridge is the prevailing party in its action to enforce the CC&Rs. Therefore, Spinnaker Ridge is entitled to attorney fees incurred in enforcing the CC&Rs.

Spinnaker Ridge also argues that it is entitled to attorney fees for defending against the Guests' counterclaims under RCW 64.38.050. Chapter 64.38 RCW governs homeowner's associations. And RCW 64.38.050 provides,

> Any violation of the provisions of this chapter entitles an aggrieved party to any remedy provided by law or in equity. The court, in an appropriate case, may award reasonable attorneys' fees to the prevailing party.

The Guests sought relief under RCW 64.38.050 in their counterclaims against Spinnaker Ridge. However, Spinnaker Ridge is the prevailing party on the Guests' counterclaims. Therefore, Spinnaker Ridge is entitled to attorney fees for defending against the Guests' counterclaims as well.

The third-party defendants request attorney fees under RCW 64.38.050. The Guests sought relief against the third-party defendants under RCW 64.38.050. And here, the third party

No. 49038-2-II

defendants are the prevailing parties. Therefore, we also grant the third-party defendants' request for attorney fees.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, A.C.J.
Lee, A.C.J.

We concur:

_____
Sutton, J.

_____
Trickey, J.P.T.

11